SLIP OPINION

Cite as 2015 Ark. 4

# SUPREME COURT OF ARKANSAS

No. CR–14–5

| | | |
|---|---|---|
| STANLEY CARTER | | **Opinion Delivered** January 15, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR 2012-658] |
| V. | | |
| | | |
| STATE OF ARKANSAS | | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | APPELLEE | |
| | | REBRIEFING ORDERED. |

**PER CURIAM**

A jury empaneled in the Crittenden County Circuit Court found appellant Stanley Carter guilty of three counts of rape and sentenced him to life imprisonment and two 50-year sentences. On appeal, Carter alleges that the circuit court erred in denying Carter's motion to dismiss for a speedy-trial violation and in finding that a continuance did not prejudice Carter. We find Carter's brief deficient, and we order Carter to submit a supplemental abstract, addendum, and brief within fifteen calendar days.

Arkansas Rule of Criminal Procedure 28.3 governs excluded time for purposes of speedy-trial determinations and requires the circuit court to make certain findings "in a written order or docket entry at the time the continuance is granted." A review of the record in this case reflects that the circuit court entered a contemporaneous order granting the continuance in question, but that order is not included in Carter's addendum. Rule 4–2(a)(8) of the Arkansas Rules of the Supreme Court requires that "the addendum shall contain true

SLIP OPINION

and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." This order is essential to our review of Carter's speedy-trial claim.

Additionally, because Carter was sentenced to life imprisonment, we are required to review all errors prejudicial to the appellant. Ark. R. Sup. Ct. 4-3(i). Accordingly, Rule 4-3(i) requires the appellant to "abstract, or include in the Addendum, as appropriate, all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed for an understanding of each adverse ruling." Ark. R. Sup. Ct. 4-3(i). While counsel has abstracted the adverse rulings made by the circuit court over the course of the trial, they have little meaning without the context of the evidence that was introduced and the circumstances during which the adverse rulings occurred.

Given the court's inability to assess Carter's speedy-trial argument or conduct a proper review pursuant to Rule 4-3(i) of the Arkansas Rules of the Supreme Court, we order rebriefing. In accordance with Arkansas Supreme Court Rule 4-2(b)(3), Carter is directed to file with our clerk within fifteen days from the date of this per curiam a substituted abstract, addendum, and brief that complies with our rules. After service of the substituted brief, the State shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief that was previously filed in this appeal. While we have noted the above-mentioned deficiencies, we encourage Carter's counsel to review our rules and the records to ensure that no additional deficiencies are present. Failure to timely correct

the deficiencies may result in the judgment of the circuit court being affirmed for noncompliance with our rules. Ark. Sup. Ct. R. 4–2(c)(2).

Rebriefing ordered.

*Shaun Hair*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.