

# SUPREME COURT OF ARKANSAS

No. CR-14-702

| | | |
|---|---|---|
| KENNY HALFACRE | | Opinion Delivered March 12, 2015 |
| | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NOS. 60CR-85-1577, 60CR-85-1579] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JAMES LEON JOHNSON, JUDGE |
| | APPELLEE | AFFIRMED. |

## PER CURIAM

In 1985, appellant Kenny Halfacre was found guilty in the Pulaski County Circuit Court of aggravated robbery and sentenced as a habitual offender to forty years' imprisonment in case number 60CR-85-1577. We affirmed. *Halfacre v. State*, 292 Ark. 331, 731 S.W.2d 179 (1987). Subsequently, pursuant to Arkansas Rule of Criminal Procedure 37.1 (1987), we reduced the sentence to twenty years' imprisonment because one of the prior judgments used to establish that appellant was a habitual offender had been reversed on appeal by the Arkansas Court of Appeals. *Halfacre v. State*, CR-86-183 (Ark. Nov. 9, 1987) (unpublished per curiam).

In 1986, appellant was found guilty in the Pulaski County Circuit Court in case number 60CR-85-1579 of a separate robbery for which he was sentenced as a habitual offender to life imprisonment. We also affirmed that judgment. *Halfacre v. State*, 292 Ark. 329, 731 S.W.2d 182 (1987).

In 2014, appellant filed in the trial court a pro se petition to correct sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2006), alleging that the sentence of life

imprisonment was illegal on its face.[1] Noting that life imprisonment under Arkansas law does not allow for release on parole, appellant argued that the applicable sentencing statutes did not provide for a life sentence with no possibility of parole for aggravated robbery. He further alleged that the life sentence should not have been imposed because one of the prior offenses used to establish his habitual-offender status should not have been considered because it was not committed with a deadly weapon. With respect to the sentence of forty years' imprisonment, appellant argued that the sentence was facially invalid because the sentence was later reduced to twenty years' imprisonment, but the judgment was never modified to reflect the reduction in sentence. The trial court denied the petition, and appellant brings this appeal. Appellant repeats the claims raised in the petition in his brief-in-chief. A trial court's decision to deny relief under section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Gilliland v. State*, 2014 Ark. 149.

The trial court denied the petition on the ground that it was not timely filed, and the State urges this court to affirm the order for that reason. We affirm the order, not because the petition was untimely, but because appellant did not demonstrate in the petition that the sentence in either case was illegal. A claim that a sentence is illegal on its face presents an issue of subject-matter jurisdiction that can be addressed at any time under section 16-90-111(a). *Atkins v. State*, 2014 Ark. 393, 441 S.W.3d 19 (per curiam). While the time limitations on filing a petition under section 16-90-111(a)(b)(1) on the grounds that the sentence was imposed in an

---

[1]At the time appellant was convicted in 1987, the statute was codified at Arkansas Statutes Annotated section 43-2314 (Supp. 1985).

illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *See Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999). For that reason, the trial court had authority to grant relief under the statute if a sentence imposed on appellant was indeed illegal. *Hill v. State*, 2013 Ark. 291 (per curiam).

In both cases, appellant was found guilty of violating Arkansas Statutes Annotated section 41-2102 (Supp. 1985), which is now codified at Arkansas Code Annotated section 5-12-103 (Repl. 2013). At the time appellant committed the offenses, aggravated robbery was a Class Y felony under Arkansas Statutes Annotated section 41-2102(2) (Supp. 1985) and was punishable by a term of imprisonment of not less than ten years nor more than forty years, or life. *See* Ark. Stat. Ann. § 41-901 (Supp. 1985). Accordingly, the life sentence and the forty-year sentence imposed on appellant in 1987 were within the range allowed by statute and were not facially illegal. Sentencing in Arkansas is entirely a matter of statute. *Gray v. State*, 2014 Ark. 417, 443 S.W.3d 417 (per curiam). No sentence shall be imposed other than as prescribed by statute. *Atkins*, 2014 Ark. 393, 441 S.W.3d 19. A void or illegal sentence is one that is illegal on its face. *Lovelace v. State*, 301 Ark. 519, 785 S.W.2d 212 (1990); *Fritts v. State*, 298 Ark. 533, 768 S.W.2d 541 (1989). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Atkins*, 2014 Ark. 393, 441 S.W.3d 19. If a sentence is within the limits set by statute, it is legal. *Grissom v. State*, 2013 Ark. 417 (per curiam).

The parole-eligibility statute then in effect stated that "[i]ndividuals sentenced to life imprisonment prior to March 1, 1968, and those sentenced to life imprisonment after the

SLIP OPINION

effective date [February 12, 1969] of this Act, shall not be eligible for release on parole unless such sentence is commuted to a term of years by executive clemency." *Id.* § 43-2807(b)(1). Recently, in *Hobbs v. Turner*, 2014 Ark. 19, at 7, 431 S.W.3d 283, 287, we explained that "[g]enerally, in Arkansas, life means life," and with few exceptions, "the legislature has not provided for a sentence of life with the possibility of parole in over forty years." Thus, the court lacked the authority to sentence appellant to a term of life with the possibility of parole. *See Hale v. Hobbs*, 2014 Ark. 405, 443 S.W.3d 533; *see also Mayfield v. State*, 293 Ark. 216, 736 S.W.2d 12 (1987).

As to whether appellant was properly determined to be a habitual offender at the time of trial, any claim appellant desired to raise concerning his status as a habitual offender could have been addressed at trial and on direct appeal or, if applicable, in a timely petition for postconviction relief. Whether a particular prior judgment of conviction was correctly considered for the purposes of determining whether appellant was a habitual offender was not an issue sufficient to render the sentence in either case facially illegal. *Peterson v. State*, 317 Ark. 151, 876 S.W.2d 261 (1994).

With respect to the forty-year sentence imposed on appellant that was reduced under Rule 37.1, even if there had been some failure to amend the judgment in the case, appellant did not establish that the sentence was subject to challenge under section 16-90-111 on the basis of facial invalidity.

Inasmuch as appellant did not state a ground for relief under the statute, we affirm the trial court's order. While the court erred in its reasoning, the court's judgment should be



affirmed as reaching the right result for the wrong reason.  *Davis v. State*, 367 Ark. 330, 338, 240

S.W.3d 115, 122 (2006) (citing *Harris v. City of Fort Smith*, 366 Ark. 277, 234 S.W.3d 875 (2006)).

Affirmed.

*Kenny Halfacre*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.