SLIP OPINION

Cite as 2015 Ark. 228

# SUPREME COURT OF ARKANSAS

No. CR–14–879

| | |
|---|---|
| | **Opinion Delivered** May 21, 2015 |
| BENJAMIN W. MARKUS<br>APPELLANT | PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-12-130] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | AFFIRMED. |

**PER CURIAM**

In 2013, appellant Benjamin W. Markus entered a plea of guilty to two counts of rape. The victims were his daughter and step-daughter, aged four and six respectively. He was sentenced to serve an aggregate term of 360 months' imprisonment. In 2014, Markus filed in the trial court a pro se petition for writ of error coram nobis in which he contended that the writ was warranted because he was incompetent when the plea was entered and a competency hearing should have been held before the plea was entered. The trial court denied the petition, and Markus brings this appeal. He reiterates in his brief the claims that he raised in the petition as grounds for reversal of the order. He also adds in the brief factual support for the allegations that were not a part of the petition filed below.

We first note that, to the degree that Markus has bolstered the claims raised below with added factual support, this court will consider only the allegations as addressed to the trial court in the petition. An appellant is limited to the scope and nature of his arguments made

SLIP OPINION

below, and we consider only those arguments that were considered by the trial court in rendering its ruling. *Feuget v. State,* 2015 Ark. 43, 454 S.W.3d 734 (per curiam).

The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. When a petition for writ of error coram nobis is filed directly in the circuit court, a hearing is not required if the petition clearly has no merit, either because it fails to state a cognizable claim to support issuance of the writ, or because it is clear from the petition that the petitioner did not act with due diligence. *Westerman v. State*, 2015 Ark. 69, ___ S.W.3d ___. Here, we address whether the circuit court abused its discretion in denying the writ.

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Sanders v. State*, 374 Ark. 70, 285 S.W.3d 630 (2008)(per curiam) (citing *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Howard*, 2013 Ark. 273, 403 S.W.3d 38. We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third–party confession to the crime during the time between conviction and appeal. *Id.*

As his basis for reversal of the order, Markus argues that there should have been a competency hearing before he entered his guilty plea. He contends that he lacked the ability to understand the charges against him and, if he had been capable of appreciating the criminality of his conduct, he would not have committed sexual acts on his children. Markus further asserts he was denied due process of law because the State failed to asked for a pretrial competency evaluation when he had a history of psychiatric problems.

Markus has not stated a ground to reverse the trial court's denial of the petition. The record on appeal contains a copy of the report from a pretrial psychiatric examination of Markus in 2012, which was conducted at the request of the defense. In that report, the psychiatrist who examined Markus reported that he was very depressed, he had longstanding unhappiness pertaining to loss and abandonment that may have been repressed, and he had a history of being abused that played a large role in his own abusive behavior and his inadequate ability to achieve closeness and to have his own needs met. The psychiatrist further found that, despite the presence of depression, Markus understood the charges against him, understood the range of potential consequences, was capable of working rationally and

effectively with counsel, could conform his behavior appropriately for a courtroom proceeding, and was fully competent to proceed with trial.

As the result of the psychiatric testing was clearly known at the time of trial, Markus did not demonstrate that there was a fact extrinsic to the record that could not have been known at the time that his plea of guilty was entered. Markus has not shown that there existed some fact—incompetence at the time of the guilty plea—that would have prevented rendition of judgment had it been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Westerman*, 2015 Ark. 69, ___ S.W.3d ___ (citing *Ridgeway v. State*, 239 Ark. 377, 389 S.W.2d 617 (1965), cert. denied, 382 U.S. 902 (1965) (stating that the mental examination of the petitioner by state hospital officials, which was reported to the circuit court, showed that any possible claim of the petitioner's insanity was before the circuit court and could not later be considered on a petition for writ of error coram nobis)).

The application for coram-nobis relief must make a full disclosure of specific facts relied upon as the basis for the writ. *Larimore*, 327 Ark. 271, 938 S.W.3d 818. Because Markus failed to assert facts in support of the allegations contained in the coram-nobis petition that established a ground for the writ, the trial court did not err in denying the petition. *Wright v. State*, 2015 Ark. 83, ___ S.W.3d ___ (per curiam).

Affirmed.

*Benjamin W. Markus*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.