SLIP OPINION

Cite as 2015 Ark. 370

# SUPREME COURT OF ARKANSAS

No. CR-15-367

|  |  |  |
|---|---|---|
| ALBERT D. BELL | | **Opinion Delivered** October 8, 2015 |
| | APPELLANT | PRO SE APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, NORTHERN DISTRICT AND PRO SE MOTION FOR DUPLICATION OF REPLY BRIEF AT PUBLIC EXPENSE |
| V. | | [NO. 01CR-93-4] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE DAVID G. HENRY, JUDGE |
| | | AFFIRMED; MOTION MOOT. |

### PER CURIAM

In 1997, this court affirmed appellant Albert Bell's convictions for two counts of first-degree murder and his sentence to two consecutive life sentences.[1] *State v. Bell*, 329 Ark. 422, 948 S.W.2d 557 (1997).

Bell subsequently filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1994). The petition was denied, and we affirmed. *Bell v. State*, CR-02-1071 (Ark. May 13, 2004) (unpublished per curiam).

In 2010, appellant filed in the trial court a petition for recall and for resentencing. Bell

---

[1]Prior to this decision, Bell had appealed from the trial court's denial of his motion seeking transfer to juvenile court, and this court affirmed the trial court's order. *Bell v. State*, 317 Ark. 289, 877 S.W.2d 579 (1994). Bell was tried and subsequently appealed his convictions and sentence. This court reversed and remanded in part for a new suppression hearing. *Bell v. State*, 324 Ark. 258, 920 S.W.2d 821 (1996). On remand, the trial court suppressed Bell's statements, and the State appealed. This court reversed the trial court's order of suppression, held that a new trial was not warranted, and ordered the mandate affirming Bell's convictions and sentence be issued. *Bell*, 329 Ark. 442, 948 S.W.2d 557.

sought resentencing by the trial court based on the decision of the United States Supreme Court in *Graham v. Florida*, 560 U.S. 48 (2010), wherein the Court held that the Eighth Amendment forbids a sentence of life imprisonment without parole for a juvenile offender who did not commit homicide. The trial court denied his petition, and we affirmed the order. *Bell v. State*, 2011 Ark. 379 (per curiam).

On February 18, 2015, Bell filed in the trial court a pro se petition to correct sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2013), once again contending that the sentence imposed on him was illegal. Bell argued that the sentence was illegal because he was a juvenile at the time the offenses were committed, and he, as an accomplice, had not killed anyone himself and did not intend to kill anyone. The trial court denied the petition on the grounds that it was an unauthorized second petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.2(b) (1992) and, even if considered on substantive Eighth Amendment grounds, it did not state a basis for relief. Bell brings this appeal. He has also filed a motion asking that his reply brief be duplicated at public expense.

We affirm the trial court's order, not because the petition was not allowed as an unauthorized second petition under Rule 37.2(b), but because Bell did not demonstrate in the petition that the sentence in his case was illegal. There is a provision in section 16-90-111 that allows the trial court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction. *See Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864. While the time limitations on filing a petition under section 16-90-111(a)(b)(1) on the grounds that the sentence was imposed in an illegal manner were superseded by Arkansas

Rule of Criminal Procedure 37.2(c), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Halfacre v. State*, 2015 Ark. 105, 460 S.W.3d 282 (per curiam). For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on Bell was indeed illegal. *Id*.; *see also Hill v. State*, 2013 Ark. 291 (per curiam).

A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *See Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999); *see also Halfacre*, 2015 Ark. 105, at 3, 460 S.W.3d at 285. Bell did not contend that the sentence imposed on him exceeded the statutory maximum. Bell was convicted of two Class Y felonies under Arkansas Code Annotated section 5-4-401(a)(1) (1987), punishable by a term of imprisonment of not less than ten years nor more than forty years, or life. Under Arkansas Code Annotation section 5-10-102(c) (Supp. 1991), first-degree murder was a Class Y felony when the offenses were committed. Accordingly, the life sentence and the forty-year sentence imposed on Bell were within the range allowed by statute and were not facially illegal. *Ehler v. State*, 2015 Ark. 107, at 2 (per curiam) (When the sentences imposed on the petitioner were within the statutory range for the offense, the sentence was legal on its face and not subject to challenge under section 16-90-111).

With respect to Bell's contention that *Graham* applies to his case and renders him eligible for parole because he was merely an accomplice, this issue was resolved by this court in *Bell v. State* and there is no reason to revisit it. See 2011 Ark. 379. As Bell did not state a ground for relief under the statute, the trial court did not err in denying the relief sought. The order is

3

affirmed, and Bell's motion to duplicate his reply brief at public expense is moot.

Affirmed; motion moot.

*Albert D. Bell*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.