
SLIP OPINION

Cite as 2016 Ark. 16

# SUPREME COURT OF ARKANSAS.
No. CR-15-635

| | | |
|---|---|---|
| JACKIE L. WILLIAMS | APPELLANT | **Opinion Delivered** January 21, 2016 |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO: 60CR-95-2566] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | | AFFIRMED. |

**PER CURIAM**

In 1995, appellant Jackie L. Williams was charged with three counts of rape in case no. 60CR-95-2566 in the Pulaski County Circuit Court. The counts were severed for trial. Williams was found guilty by a jury in count three and sentenced as a habitual offender to life imprisonment. We affirmed. *Williams v. State*, 331 Ark. 263, 962 S.W.2d 329 (1998). Williams was found guilty by a jury in count two and sentenced as a habitual offender to twenty-five years' imprisonment. The Arkansas Court of Appeals affirmed. *Williams v. State*, CR-96-725 (Ark. App. Apr. 2, 1997) (unpublished) (original docket no. CACR 96-725). On count one, Williams was found guilty by a jury and sentenced to life imprisonment as a habitual offender. We affirmed. *Williams v. State*, CR-98-1027 (Ark. Jan. 20, 2000) (unpublished per curiam). The sentences for the three offenses were ordered to be served consecutively.

On April 6, 2015, Williams filed in the trial court a pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2006). The petition was denied, and Williams brings this appeal.

There is a provision in section 16-90-111 that allows the trial court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction. *See Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864. While the time limitations on filing a petition under section 16-90-111(a)(b)(1) on the grounds that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c) (2015), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Halfacre v. State*, 2015 Ark. 105, 460 S.W.3d 282 (per curiam). For that reason, the trial court had authority to grant relief under the statute if the sentences imposed on Williams were indeed illegal. *Id.*; *see also Hill v. State*, 2013 Ark. 291 (per curiam).

As grounds for his contention that the sentences imposed on him were illegal, Williams argued that the amended felony information in his case was unconstitutional. He contended that (1) the information was irregular and that it violated the constitutional provisions against double jeopardy because the information encompassed three separate offenses, and he was tried three times for the same offenses; (2) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing all exculpatory evidence to the defense; (3) he was entitled to indictment by grand jury under Rule 7 of the Federal Rules of Criminal Procedure and Arkansas and federal law. Williams did not allege that the sentences imposed were outside the statutory range for the offenses as set by statute.

A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Bell v. State*, 2015 Ark. 370, at 3 (per curiam); *see also Halfacre*, 2015 Ark. 105, 460 S.W.3d 282. Here, Williams did not contend that the sentences imposed on him exceeded the statutory maximum. Williams was convicted of three Class Y felonies. Ark. Code Ann. § 5-14-103(b) (Supp. 1993). Under the provisions of Arkansas Code Annotated section 5-4-401(a)(1) (1987), in effect when Williams was convicted, a term of ten to forty years or life could be imposed for a Class Y felony. Accordingly, the life sentences and the twenty-five-year sentence imposed on Williams were within the range allowed by statute and were not facially illegal. *Ehler v. State*, 2015 Ark. 107, at 2 (per curiam) (When the sentences imposed on the petitioner were within the statutory range for the offense, the sentence was legal on its face and not subject to challenge under section 16-90-111.).

Constitutional violations such as those raised by Williams challenging the judgments on grounds of double jeopardy and a *Brady* violation, which did not implicate the facial validity of the judgment, did not render the sentences imposed illegal.[1] *See Redus v. State*, 2013 Ark. 9 (per curiam). The claims advanced by Williams in his petition did not allege

---

[1] Williams's claim of a defective charging instrument has been specifically rejected by this court. Section 1 of amendment 21 to the Arkansas Constitution provides that "all offenses heretofore required to be prosecuted by indictment may be prosecuted either by indictment by a grand jury or information filed by the Prosecuting Attorney." *Smith v. State*, 2012 Ark. 311, at 2 (per curiam). States are not required to charge by indictment but may charge by information. *Hurtado v. California*, 110 U.S. 516 (1884). This court has addressed this issue on a number of occasions and has refused to extend the right to grand jury indictment to proceedings in this state. *Taylor v. State*, 303 Ark. 586, 593, 799 S.W.2d 519, 523 (1990); *Hamm v. State*, 296 Ark. 385, 757 S.W.2d 932 (1988).

an illegal sentence of the type that is jurisdictional in nature; rather, the grounds for relief were of the type that should have been raised at trial, on appeal, or, to the extent that the claims were intended as allegations of ineffective assistance of counsel, in a timely-filed petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015). *Stanley v. State,* 2013 Ark. 483 (per curiam). Assertions of constitutional error are not cognizable under section 16-90-111. *Id.*

A trial court's decision to deny relief under section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Gilliland v. State*, 2014 Ark. 149. The trial court's decision in this case was not clearly erroneous inasmuch as Williams did not meet his burden of demonstrating in his petition that the sentence was illegal.

Affirmed.

*Jackie L. Williams*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.