SLIP OPINION

Cite as 2016 Ark. 144

# SUPREME COURT OF ARKANSAS

No. CR–16–59

| | | |
|---|---|---|
| ERIC C. BURGIE | | **Opinion Delivered** March 31, 2016 |
| | APPELLANT | PRO SE MOTIONS TO SUPPLEMENT ADDENDUM AND FILE SUBSTITUTED BRIEF, TO SUPPLEMENT BRIEF WITH EXTENDED PAGE LIMIT, FOR APPOINTMENT OF COUNSEL, AND TO EXPEDITE RULING ON MOTIONS [GARLAND COUNTY CIRCUIT COURT NO. 26CR-00-366] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 2001, appellant Eric C. Burgie was found guilty by a jury of capital murder and aggravated robbery and sentenced to life imprisonment without parole. We affirmed. *Burgie v. State*, CR-02-90 (Ark. Feb. 20, 2003) (unpublished per curiam).

On November 10, 2015, Burgie filed in the trial court a pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2006). There is a provision in section 16-90-111 that allows the trial court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction. *Williams v. State*, 2016 Ark. 16, at 2 (per curiam). While the time limitations on filing a petition under section 16-90-111(a)(b)(1) on the grounds that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c) (2015), the portion of section 16-90-111 that provides a means to

challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Halfacre v. State*, 2015 Ark. 105, 460 S.W.3d 282 (per curiam). For that reason, the trial court had authority to grant relief under the statute if the sentences imposed on Burgie had indeed been illegal. *Id.*; *see also Hill v. State*, 2013 Ark. 29 (per curiam).

The trial court denied Burgie's petition, and he has lodged an appeal in this court. Now before us are four motions filed by Burgie seeking to file a substituted brief, to file a supplemental brief "with extended page limit," for appointment of counsel, and to expedite ruling on the motions. As it is clear from the record that Burgie could not prevail on appeal, the appeal is dismissed, and the motions are moot. An appeal from an order that denied a petition for postconviction relief, including a petition under section 16–90–111, will not be permitted to go forward where it is clear that there is no merit to the appeal. *Perrian v. State*, 2015 Ark. 424, at 2 (per curiam).

Burgie argued in his petition that his sentence was illegal because he was found guilty of capital murder with aggravated robbery as the underlying felony on the ground that the capital-murder statute, Arkansas Code Annotated § 5–10–101 (Repl. 1997) did not enumerate aggravated robbery as an underlying offense to capital murder at the time he committed the offenses. He also argued that it was an ex post facto application of Act 827 of 2007 for him to be convicted for capital murder with aggravated robbery as an underlying offense on the ground that the Act added "aggravated robbery" to the enumerated list of underlying felonies to capital murder after he was convicted.

This is the second time this court has considered Burgie's allegation concerning aggravated robbery not specifically appearing as a lesser-included offense to capital murder

in the statute at the time he committed the offenses. He raised the claim in a petition for writ of habeas corpus that he filed in 2012 in the circuit court in the county where he was incarcerated. The habeas petition was denied, and we affirmed the order. *Burgie v. Hobbs*, 2013 Ark. 360 (per curiam). In that appeal, we noted that a trial court has specific authority to sentence a defendant for the underlying felony supporting a capital-murder charge, as well as the felony of capital murder itself, even if the statute listed "robbery" rather than "aggravated robbery" as an underlying offense. *Jackson v. State*, 2013 Ark. 19 (per curiam); *see also Clark v. State*, 373 Ark. 161, 282 S.W.3d 801 (2008) (citing *Walker v. State*, 353 Ark. 12, 110 S.W.3d 752 (2003)). While aggravated robbery was not specifically enumerated by statute at the time Burgie committed the offenses, this court has held that aggravated robbery will support a charge of capital murder. *See Nooner v. State*, 322 Ark. 87, 907 S.W.2d 677 (1995); *Simpson v. State*, 274 Ark. 188, 193, 623 S.W.2d 200, 203 (1981) ("[T]he General Assembly could not conceivably have intended that robbery, which may involve no force, would support a charge of capital murder, while aggravated robbery, an inherently dangerous crime, would not. Aggravated robbery is still robbery."). With respect to Act 827 of 2007, the fact that the statute was changed to include aggravated robbery as an underlying felony after Burgie was convicted does not alter our reasoning under the precedent cited above. Burgie did not show that his sentence was illegal, and he was not entitled to relief under section 16-90-111. Accordingly, the trial court did not err in denying the relief sought, and Burgie could not prevail on appeal from the order.

Appeal dismissed; motions moot.