SLIP OPINION

Cite as 2016 Ark. 329

# SUPREME COURT OF ARKANSAS.

No. CR–16–484

| | | |
|---|---|---|
| RONNIE JOHNSON | | **Opinion Delivered** October 6, 2016 |
| | APPELLANT | |
| | | PRO SE MOTION FOR TRANSCRIBED RECORD AND FOR EXTENSION OF TIME TO FILE BRIEF |
| V. | | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-14-2209] |
| STATE OF ARKANSAS | | |
| | APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

On December 14, 2015, appellant Ronnie Johnson pleaded guilty to two counts of robbery and was sentenced to an aggregate sentence of 480 months' imprisonment in the Arkansas Department of Correction. On January 14, 2016, Johnson filed a pro se petition for writ of error coram nobis, a petition for correction of illegal sentence in an illegal manner, a motion for evidentiary hearing, and a notice of fraud/fraudulent practices, alleging that he was induced, misled, misguided, and misinformed by counsel into pleading guilty and that counsel failed to present a defense and did not "test the State's case[.]" Specifically, Johnson claimed that counsel was ineffective for failing to obtain video-surveillance evidence of one of the two robberies taken from an E-Z Mart and that he would not have pleaded guilty had counsel not "committed the prejudicial errors that ha[ve] tainted his case." He further argued that, because he was induced into pleading guilty, his sentence is illegal. The trial court denied Johnson's request for relief, finding that Johnson failed to state how he was induced into pleading guilty; that there was no proof of coercion

offered; that Johnson was not entitled to an evidentiary hearing; and that Johnson's sentence was not illegal.[1] Now before us is Johnson's motion for transcribed record and for extension of time to file a brief.

When it is clear from the record that the appellant cannot prevail if an appeal of an order that denied postconviction relief were permitted to go forward, we dismiss the appeal. *Wheeler v. State*, 2015 Ark. 233, 463 S.W.3d 678 (per curiam); *see also Justus v. State*, 2012 Ark. 91. As it is clear from the record that Johnson could not prevail on appeal, the appeal is dismissed. The dismissal of the appeal renders the motion moot.

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Newman v. State*, 2014 Ark. 7, at 13–14. An abuse of discretion occurs when the trial court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. The trial court's findings of fact, on which it bases its decision to grant or deny the petition for writ of error coram nobis, will not be reversed on appeal unless clearly erroneous or clearly against the preponderance of the evidence. *Newman*, 2014 Ark. 7, at 13–14. There is no abuse of discretion in the denial of error-coram-nobis relief when the claims in the petition were groundless. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong

---

[1]Although the trial court's order states that Johnson entered a plea of guilty to two counts of robbery and one count of theft of property, the January 4, 2016 file-marked sentencing order indicates that Johnson pleaded guilty to two counts of robbery and that one count of aggravated robbery and three counts of theft of property were nolle prossed.

presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

While Johnson attempts to couch his video-surveillance claim in terms of a coerced-guilty plea, which would provide a basis for relief in a coram-nobis proceeding, the actual basis for his claim is ineffective assistance of counsel with the underlying argument that, due to counsel's deficiency in not obtaining the E-Z Mart video surveillance, he would not have pleaded guilty to robbery.[2] This court has repeatedly held that ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings and that such

---

[2]Johnson pleaded guilty to two counts of robbery, only one of which occurred at the E-Z Mart.

proceedings are not a substitute for raising ineffective-assistance-of-counsel claims under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1.[3] *White v. State*, 2015 Ark. 151, at 4, 460 S.W.3d 285, 288.

Although Johnson contends he was coerced by his counsel's statement to "take this deal or else" and that counsel "induced [him] to affirmatively answer[ ] that he was 'satisfied[]' with the services of 'counsel[ ]'," he did not allege that he suffered any specific mistreatment. *See Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. Johnson did not demonstrate that his plea was obtained through intimidation, coercion, or threats because the coram-nobis petition did not allege that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as cognizable for coram-nobis relief. *Gonder v. State*, 2016 Ark. 140, *reh'g denied* (Apr. 21, 2016); *Noble v. State*, 2015 Ark. 141, 460 S.W.3d 774. Simply put, Johnson's allegations do not rise to the level of coercion, which is defined as "compulsion of a free agent by physical, moral, or economic force or threat of physical force." *White v. State*, 2015 Ark. 151, at 5, 460 S.W.3d 285, 288–89 (quoting *Black's Law Dictionary* 315 (10th ed. 2014)). Accordingly, the trial court properly denied coram-nobis relief.

To the extent Johnson argued that his judgment was illegal on its face, the claim also fails. *Perrian v. State*, 2015 Ark. 424, at 2 (per curiam) (An appeal from an order that denied a petition for postconviction relief, including a petition under Arkansas Code Annotated

---

[3]When a petitioner under the Rule enters a plea of guilty, the Rule 37.1 petition must be filed in the trial court, pursuant to Rule 37.2(c)(i), within ninety days of the date of entry of judgment.

section 16-90-111, will not be permitted to go forward where it is clear that there is no merit to the appeal.). There is a provision in section 16-90-111 that allows the trial court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction. *Williams v. State*, 2016 Ark. 16, 479 S.W.3d 544 (per curiam). While the time limitations on filing a petition under section 16-90-111(a)(b)(1) on the grounds that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c) (2015), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Halfacre v. State*, 2015 Ark. 105, 460 S.W.3d 282 (per curiam).

Johnson contended his sentence was illegal on its face because he was induced by his counsel to plead guilty and because counsel was ineffective for failing to secure the E-Z Mart surveillance video. The claims advanced by Johnson in his petition did not allege an illegal sentence that is jurisdictional in nature; rather, the grounds for relief were the type to have been raised at trial, on appeal, or, to the extent the claims were intended as allegations of ineffective assistance of counsel, in a timely filed petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. *Williams*, 2016 Ark. 16, 479 S.W.3d 544. Furthermore, conclusory allegations—such as Johnson's claims regarding the E-Z Mart video surveillance or his counsel's statement to "take this deal or else"—that are unsupported by facts and provide no showing of prejudice are insufficient to warrant postconviction relief. *See Chatmon v. State*, 2016 Ark. 126, at 7, *reh'g denied*

(April 21, 2016).  Based on the foregoing, the appeal is dismissed, rendering the motion for

transcribed record and extension of time to file brief moot.

Appeal dismissed; motion moot.