SLIP OPINION

Cite as 2016 Ark. 365

# SUPREME COURT OF ARKANSAS.
### No. CR–16–190

|  |  |  |
|---|---|---|
| BOBBY JOE MITCHELL | | **Opinion Delivered** October 27, 2016 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-69-4717] |
| STATE OF ARKANSAS | | HONORABLE SAM POPE, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

**PER CURIAM**

In 1969, appellant Bobby Joe Mitchell entered a plea of guilty to first-degree murder and was sentenced by a jury to life imprisonment. No appeal was taken.

On March 24, 1975, Mitchell filed a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 1, which was Arkansas's postconviction remedy in effect at the time the judgment of conviction was entered.[1] The Rule 1 petition was denied in 1976, and on appeal, this court reversed and remanded the matter to the trial court for an evidentiary hearing because the trial court's order did not conclusively show that the petition was without merit. *Mitchell v. State*, CR–78–31 (Ark. June 19, 1978) (unpublished). The trial court subsequently held a hearing after which it again denied relief. We affirmed the order. *Mitchell v. State*, 271 Ark. 512, 609 S.W.2d 333 (1980).

---

[1] Rule 1 was replaced on January 1, 1976, by Arkansas Rule of Criminal Procedure 37.

In 2015, Mitchell filed in the trial court a pro se petition for writ of error coram nobis, for correction of sentence, and for declaratory judgment. The trial court treated the petition as one for a writ of error coram nobis and denied it on December 15, 2015. Mitchell then filed on December 18, 2015, a "motion for new trial," seeking reconsideration of his petition because some facts in the order were alleged to be incorrect. The trial court issued an order in response to the motion in which it again denied the relief sought in the petition and amended the findings to correct any errors. Mitchell brings this appeal.

In his petition, Mitchell alleged that he was not afforded effective assistance of counsel and that the sentence of life imprisonment was illegal and illegally imposed because counsel did not represent him competently, and the evidence was insufficient to sustain the judgment. The trial court correctly noted that Mitchell had already raised claims of ineffective assistance of counsel in his Rule 1 petition. Under the Rule, all grounds for relief under the Rule are required to be raised in the original petition or an amendment to the original petition; a second petition is not allowed. *Winberry v. State*, 256 Ark. 65, 505 S.W.2d 497 (1974); *Bailey v. State*, 254 Ark. 628, 495 S.W.2d 150 (1973).

In his brief in this appeal, Mitchell includes statements and claims that were not a part of his petition or the motion that were ruled on by the trial court. Because an appeal from an order denying postconviction relief is the review of the decision made by the trial court based on the pleading or pleadings before it, it is axiomatic that an appellant is limited to the scope and nature of his arguments below. He cannot raise new arguments on appeal or add factual substantiation to the allegations made below. *Ward v. State*, 2015 Ark. 325,

SLIP OPINION

at 8, 469 S.W.3d 350, 355, *reh'g denied*, (Mar. 31, 2016). Accordingly, this court will consider only those issues raised on appeal that were ruled on below.

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Newman v. State*, 2014 Ark. 7. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. The trial court's findings of fact on which it bases its decision to grant or deny the petition for writ of error coram nobis will not be reversed on appeal unless they are clearly erroneous or clearly against the preponderance of the evidence. *Newman*, 2014 Ark. 7. There is no abuse of discretion in the denial of error-coram-nobis relief when the claims in the petition were groundless. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id*. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available

SLIP OPINION

for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. This court has repeatedly held that ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings and that such proceedings are not a substitute for raising ineffective-assistance-of-counsel claims under the postconviction rule applicable to the petitioner's case. *See White v. State*, 2015 Ark. 151, at 4–5, 460 S.W.3d 285, 288; *see also Williams v. State*, 2016 Ark. 92, at 3, 485 S.W.3d 254, 256 (per curiam).

Mitchell argues on appeal that the trial court erred in considering his claims as allegations of ineffective assistance of counsel because he "clearly alleged that his guilty plea was coerced." The argument fails because the claims were couched in terms of counsel's failure to render competent representation, and Mitchell's petition for writ of error coram nobis was not a substitute for raising the claims under Rule 1. *See State v. Tejeda-Acosta*, 2013 Ark. 217, at 5, 427 S.W.3d 673, 676. Moreover, even if Mitchell's allegations could be interpreted as claims of a coerced guilty plea, all the information was known to Mitchell at the time he entered the plea and could have been raised at that time. *See Wright v. State*, 2014 Ark. 25 (per curiam). Also, the allegations did not demonstrate coercion of the sort recognized by this court in a coram-nobis proceeding. To prevail, the petitioner claiming a right to the writ must demonstrate that his plea was obtained through intimidation, coercion, or threats arising from fear, duress, or threats of mob violence as previously acknowledged by this court as cognizable for coram-nobis relief. *Noble v. State*, 2015 Ark.

141, 460 S.W.3d 774. The application for coram-nobis relief must make a full disclosure of specific facts relied upon as the basis for the writ. *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997). Because Mitchell failed to assert facts in support of the allegations contained in the coram-nobis petition that established a ground for the writ, the trial court did not err in denying the petition. *Markus v. State*, 2015 Ark. 228, at 4, 463 S.W.3d 675, 677 (per curiam).

To the degree that Mitchell argued that he was entitled to issuance of the writ on the ground that the evidence was insufficient to support the judgment in his case, the sufficiency of the evidence is not an issue within the purview of a coram-nobis proceeding. *See Smith v. State*, 2016 Ark. 17, at 4, 479 S.W.3d 550, 554 (per curiam).

As his second ground for reversal of the trial court's order, Mitchell contends that the sentence imposed on him was illegal. The trial court did not directly address the allegation. Nevertheless, this court can correct a sentence that is illegal on its face at any time because a claim that a sentence is illegal on its face presents an issue of subject-matter jurisdiction.[2] *See Halfacre v. State*, 2015 Ark. 105, at 2, 460 S.W.3d 282, 284 (per curiam). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Williams v. State*, 2016 Ark. 16, at 3, 479 S.W.3d 544, 545 (per curiam). At the time Mitchell committed first-degree murder in 1969, the offense was

---

[2] Mitchell invoked Arkansas Code Annotated section 16-90-111 (Repl. 2006), which permits a trial court to correct an illegal sentence at any time. *See Burgie v. State*, 2016 Ark. 144, at 1, *reh'g denied*, (May 5, 2016).

punishable by death or life imprisonment. *See* Ark. Stat. Ann. § 41-2224 (Repl. 1964). The life sentence imposed on Mitchell was not illegal on its face.

Finally, Mitchell contends in his brief that he was entitled to a declaratory judgment. While Mitchell stated in the caption to his original petition that he sought a "declaratory judgment," he made no mention in either that petition or the subsequent motion of a request for declaratory judgment, and the trial court did not address the claim. Because the issue was not in fact raised below and not addressed below, we do not consider it now. As stated, unless there is an issue as to the lower court's subject–matter jurisdiction, this court does not entertain issues not raised below. *Bradley v. State*, 2015 Ark. 144, at 4–5, 459 S.W.3d 302, 305, *reh'g denied*, (May 21, 2015).

Affirmed.

*Bobby Joe Mitchell*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.