SLIP OPINION

Cite as 2016 Ark. 380

# SUPREME COURT OF ARKANSAS.
**No.** CR-16-728

| | |
|---|---|
| JAMES RAY THOMPSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** November 3, 2016<br><br>PRO SE MOTION FOR EXTENSION OF BRIEF TIME<br>[MILLER COUNTY CIRCUIT COURT, NO. 46CR-10-97]<br><br>APPPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2010, appellant James Ray Thompson was found guilty by a jury of two counts of rape and sentenced to a term of 120 months' imprisonment on each count. The terms were ordered to be served consecutively. The Arkansas Court of Appeals affirmed. *Thompson v. State*, 2011 Ark. App. 605.

Thompson subsequently filed in the trial court a timely, verified petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2010) and a memorandum of law in support of the petition. The trial court appeared to treat the two pleadings as separate petitions under the rule and denied the relief sought. We affirmed. *Thompson v. State*, 2013 Ark. 179 (per curiam).

On June 8, 2016, Thompson filed in the trial court a pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2006). There is a provision in section 16-90-111 that allows the trial court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-

matter jurisdiction. *Williams v. State*, 2016 Ark. 16, at 2 (per curiam). While the time limitations on filing a petition under section 16-90-111(a)(b)(1) on the grounds that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c) (2015), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Halfacre v. State*, 2015 Ark. 105, 460 S.W.3d 282 (per curiam). For that reason, the trial court had authority to grant relief under the statute if the sentences imposed on Thompson had indeed been illegal. *Id.*; *see also Hill v. State*, 2013 Ark. 29 (per curiam).

The trial court denied Thompson's petition, and he has lodged an appeal in this court. Now before us is Thompson's motion for extension of time to file his brief-in-chief. As it is clear from the record that Thompson could not prevail on appeal, the appeal is dismissed, and the motion is moot. An appeal from an order that denied a petition for postconviction relief, including a petition under section 16-90-111, will not be permitted to go forward where it is clear that there is no merit to the appeal. *Burgie v. State*, 2016 Ark. 144, at 1–2 (per curiam), *reh'g denied* (May 5, 2016); *Perrian v. State*, 2015 Ark. 424, at 2 (per curiam).

Thompson alleged the following grounds for his assertion that his sentence was illegal: the jury instructions did not reflect the offenses designated in the charging instrument; the jury instructions permitted him to be convicted for the "uncharged crime of rape by deviate sexual activity or rape by sexual intercourse which were separate crimes," which constituted a denial of due process of law; he was convicted of offenses not charged according to the law existing at the time of his trial; the jury and judge did not specify any

one of the two means of committing rape; there was "unexercised discretion without the element required for oral sex penetration when the alleged victim is unable to say it occurred"; the verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds constituting the offense charged; the trial court erred by ordering the sentences to be served consecutively. The trial court considered the petition under section 16-90-111 as a challenge to the sentence on the ground that it was illegal and further noted, correctly, that the petition, while styled as a petition under section 16-90-111, could be considered a subsequent petition under Rule 37.1.

We have held that a petition that states a claim for postconviction relief cognizable under Rule 37.1 is governed by that rule regardless of the label placed on it by a petitioner. *Perrian*, 2015 Ark. 424, at 3. Rule 37.1(b) does not allow for a subsequent petition unless the original pleading was denied without prejudice to file a second petition. Thompson had not been granted leave to proceed again with claims cognizable under Rule 37.1. *See Carter v. State*, 2010 Ark. 349, at 3–4 (per curiam). To the degree that his petition could be said to raise grounds cognizable under the Rule, he was not entitled to proceed again under the Rule. Rule 37.2(b) provides that all grounds for relief available to a petitioner under the Rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. If a first petition under the Rule is denied without leave to proceed with a second petition, a petitioner under the Rule is barred from submitting a subsequent petition. *Hinkston v. State*, 2016 Ark. 4, at 4 (per curiam).

With respect to Thompson's claim that his sentence was illegal on its face, a sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the

SLIP OPINION

defendant was convicted. *Bell v. State*, 2015 Ark. 370, at 3 (per curiam); *see also Halfacre*, 2015 Ark. 105, 460 S.W.3d 282. Here, Thompson did not so much as contend that the sentences imposed on him exceeded the statutory maximum for the offense of rape. As a Class Y felony, rape can be punished by life imprisonment. Ark. Code Ann. §§ 5-14-103(c)(1) (Supp. 2009); 5-4-401(a)(1) (Repl. 2006). Thompson received the minimum term of imprisonment for each of the two counts of rape. If a sentence is within the limits set by statute, it is legal. *Gilliland v. State*, 2014 Ark. 149, at 4 (per curiam).

We have held that the subject-matter jurisdiction of the trial court is not implicated when the sufficiency of the felony information is questioned. *Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997) (denying habeas corpus relief on an assertion of lack of jurisdiction where petitioner claimed that information charging him with rape was insufficient); *see also Abernathy v. Norris*, 2011 Ark. 335, at 3–4 (per curiam). Allegations of defective jury instructions are allegations of trial error and should be raised at trial. *Craig v. Hobbs*, 2012 Ark. 218, at 3 (per curiam). Mere trial error does not deprive a court of jurisdiction to enter a legal judgment. *Willis v. Hobbs*, 2011 Ark. 509, at 2 (per curiam). Assertions of constitutional error are not within the purview of section 16-90-111. *Atkins v. State*, 2014 Ark. 393, at 3, 441 S.W.3d 19, 21 (per curiam).

The allegations of error advanced by Thompson in his petition did not allege an illegal sentence of the type that is jurisdictional in nature; rather, the grounds for relief were of the type that should have been raised at trial, on appeal, or, to the extent that the claims were cognizable as grounds for relief under Rule 37.1, in his 2012 petition for postconviction relief under Rule 37.1. *See Stanley v. State*, 2013 Ark. 483 (per curiam).

A trial court's decision to deny relief under section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Gilliland*, 2014 Ark. 149, at 1. The trial court's decision in this case was not clearly erroneous because Thompson did not meet his burden of demonstrating in his petition that the sentence imposed on him in the judgment was illegal. *See Williams v. State*, 2016 Ark. 16, at 3, 479 S.W.3d 544, 545 (per curiam).

Appeal dismissed; motion moot.