

# SUPREME COURT OF ARKANSAS.

**No.** CR–16–998

ROBERT EARL HENRY

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** February 9, 2017

PRO SE APPELLANT'S PETITION FOR WRIT OF MANDAMUS [FAULKNER COUNTY CIRCUIT COURT, NOS. 23CR-14-791, 23CR-14-817]

HONORABLE CHARLES E. CLAWSON, JUDGE

<u>APPEAL DISMISSED; PETITION MOOT</u>.

## PER CURIAM

On April 11, 2016, judgment was entered in the Faulkner County Circuit Court in case number 23CR-14-791 reflecting that appellant Robert E. Henry had entered a plea of guilty to possession of a controlled substance. Henry was sentenced as a habitual offender to 144 months' imprisonment. On the same date, Henry also entered a plea of guilty in case number 23CR-14-817 to delivery of a controlled substance for which he was sentenced as a habitual offender to 144 months' imprisonment. Imposition of a sentence of 96 months was suspended in the case. The court ordered that the sentences in the two cases would be served concurrently.[1]

---

[1] The judgments reflect pleas of guilty in the two cases. At the hearing when the pleas were taken, the trial court indicated that the pleas were pleas of nolo contendere and informed Henry correctly that the pleas would be treated just the same as pleas of guilty and that the sentences would be the same for a plea of nolo contendere or guilty. Trial courts

On July 7, 2016, Henry filed in the trial court a pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 2015) that encompassed both cases. There is a provision in section 16-90-111 that allows the trial court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction. *Williams v. State*, 2016 Ark. 16, at 2 (per curiam). While the time limitations on filing a petition under section 16-90-111 on the grounds that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c) (2015), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Halfacre v. State*, 2015 Ark. 105, 460 S.W.3d 282 (per curiam). For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on Henry in either of the cases was indeed illegal on its face. *Id.*; *see also Hill v. State*, 2013 Ark. 29 (per curiam).

The trial court held a hearing on August 8, 2016. At that hearing, Henry indicated that he did not wish to pursue the petition to correct the sentences because he was satisfied with the sentences once he understood that they would run concurrently with each other and with the sentences imposed in other judgments entered against him. On August 24,

---

are required to treat a plea of nolo contendere the same as if it were a plea of guilty. *See Ashby v. State*, 297 Ark. 315, 319, 761 S.W.2d 912, 914 (1988). The plea of nolo contendere to a charge in a criminal case is an admission of guilt in the criminal case. *Seaton v. State*, 324 Ark. 236, 237, 920 S.W.2d 13, 14 (1996) (per curiam) (holding that procedural rules governing pleas of guilty and nolo contendere make no distinction between the pleas for the purposes of seeking postconviction relief).

2016, the court entered its order granting Henry's request to dismiss the petition. Henry had filed a pro se notice of appeal on August 22, 2016, stating his intention to appeal to this court from the decision of the court issued from the bench on August 8, 2016. Henry has lodged the appeal in this court.

Now before us is Henry's petition for writ of mandamus in which he seeks a writ compelling the trial court to correct the order dismissing his petition to correct the sentences in the cases. On January 5, 2016, we granted the appellee's motion to supplement the record in this matter with a copy of the amended felony information in in case number 23CR-14-817 that reflects that Henry was charged as a habitual offender in the case.

As it is evident from the record that Henry could not prevail on appeal, the appeal is dismissed, and the mandamus petition is moot. An appeal from an order that denied a petition for postconviction relief, including a petition under section 16-90-111, will not be permitted to go forward where it is clear that there is no merit to the appeal. *Burgie v. State*, 2016 Ark. 144, at 1–2 (per curiam), *reh'g denied* (May 5, 2016); *Perrian v. State*, 2015 Ark. 424, at 2 (per curiam).

The trial court at the August 8, 2016 hearing questioned Henry about his decision not to proceed with the petition to correct an illegal sentence that covered his two cases, specifically asking, "[M]y understanding is you are dismissing or dropping both those motions [sic] today." Henry replied that the court's understanding was correct. It is therefore not clear on what basis Henry has lodged this appeal except for his assertion in the mandamus petition that he did not make a formal motion to dismiss the section 16-90-111 petition. As the record clearly reflects that Henry chose to abandon his claims under section

16-9-111, Henry could not succeed if the appeal were allowed to proceed.  For that reason, there was no error, and the appeal is subject to dismissal.

Appeal dismissed; petition moot.