Doug GUIRE *v.* STATE of Arkansas

CR 92-301                                    832 S.W.2d 457

Supreme Court of Arkansas
Opinion delivered April 13, 1992

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *Didi H. Sallings*, Asst. Att'y Gen., for appellee.

PER CURIAM. On August 5, 1991, the appellant Doug Guire pleaded guilty to possession of drug paraphernalia, possession of a controlled substance with intent to manufacture, the offense of felon in possession of a firearm, and possession of a controlled substance with intent to deliver. He was sentenced as a habitual offender to concurrent terms of imprisonment and is serving fifteen years in the Arkansas Department of Correction. A fine of $7,500 was also imposed.

On the one-hundred-twentieth-day after the judgment was entered, appellant filed in the trial court a petition pursuant to Ark. Code Ann. § 16-90-111 (Supp. 1989) in which he alleged

that the twenty years imprisonment with five years suspended which was imposed for possession of a controlled substance with intent to deliver was illegal or imposed in an illegal manner. The trial court denied the petition, and the record has been lodged here on appeal. Appellant seeks appointment of counsel to represent him on appeal and an extension of time to file a brief in the case. We deny the motion and dismiss the appeal because there is clearly no merit to the appeal. This court has consistently held that motions will not be granted which have the effect of continuing a clearly meritless appeal. *Chambers v. State*, 304 Ark. 663, 803 S.W.2d 932 (1991); *Johnson v. State*, 303 Ark. 560, 798 S.W.2d 108 (1990); *Williams v. State*, 293 Ark. 73, 732 S.W.2d 456 (1987).

Arkansas Code Annotated § 16-90-111 (Supp. 1989) provides a remedy within one-hundred-twenty days of the date of judgment where the petitioner can establish that the sentence imposed on him was illegal. Petitioner, who does not contend that he did not plead guilty to a Class Y felony, argued in the petition that he should have been charged with a Class B felony because he was in possession of less than 28 grams of the controlled substance, methamphetamine, which is a schedule II drug.

Appellant's challenge to the sentence imposed against him was in the nature of an attack on the sufficiency of the evidence. An attack on the sufficiency of the evidence is not cognizable under Ark. Code Ann. § 16-90-111. The sufficiency of the evidence was a matter to be argued in the trial court, and by pleading guilty, appellant waived the claim that the evidence was insufficient to convict him.

Motion denied and appeal dismissed.