SLIP OPINION

Cite as 2014 Ark. 421

# SUPREME COURT OF ARKANSAS

No. CV-13-893

| | | |
|---|---|---|
| LARRY HUGH TYSON | APPELLANT | **Opinion Delivered** October 9, 2014 |
| V. | | PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CV-13-181] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | <u>DISMISSED</u>. |

**PER CURIAM**

In 2011, a judgment-and-commitment order was entered in the Little River County Circuit Court reflecting that appellant Larry Hugh Tyson had been convicted of manufacture of a controlled substance—marijuana, simultaneous possession of drugs and firearms, possession of a controlled substance with intent to deliver—methamphetamine, and possession of drug paraphernalia. He was sentenced to an aggregate term of 192 months' imprisonment. No appeal was taken from the judgment.

In 2013, appellant filed in the Hot Spring County Circuit Court, the county in which he was incarcerated, a pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2006). On motion of the State, the circuit court dismissed the petition on the ground that appellant failed to state any claim cognizable in a habeas proceeding. Appellant now brings this appeal.

We dismiss the appeal because the Hot Spring County Circuit Court can no longer grant the relief requested by appellant. An appeal from an order that denied a petition for

SLIP OPINION

postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam); *Fudge v. Hobbs*, 2012 Ark. 80 (per curiam).

Any petition for writ of habeas corpus is properly addressed to the circuit court in the county in which the petitioner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001, in which case the petition is properly filed in the court in which the conviction was entered. *Wilencewicz*, 2012 Ark. 230. Arkansas Code Annotated section 16-112-105 requires that certain procedural requirements be met by a petitioner asking a court to issue a writ of habeas corpus. The writ must be directed to the person in whose custody the prisoner is detained. Ark. Code Ann. § 16-112-105(b)(1). Additionally, the writ should be issued by a court that has personal jurisdiction over the defendant. *Borum v. State*, 2011 Ark. 415 (per curiam).

In the present matter, while appellant may have been incarcerated at a facility in Hot Spring County when he filed the petition, public records of the Arkansas Department of Correction confirm that appellant is no longer incarcerated at a facility within that county. A circuit court does not have jurisdiction to release on a writ of habeas corpus a prisoner not in custody in that court's jurisdiction. *Chestang v. Hobbs*, 2011 Ark. 404 (per curiam); *Buckhanna v. Hobbs*, 2011 Ark. 119 (per curiam). When a prisoner who seeks habeas relief is transferred to a facility in a different county, the circuit court in the county where the prisoner was previously incarcerated no longer has jurisdiction to issue and make a returnable writ. *Wilencewicz*, 2012 Ark. 230. Although the Hot Spring County Circuit Court may have retained subject-matter jurisdiction, it does not retain personal jurisdiction over the person in whose custody the

prisoner is detained, and an order by that court will not act to effect his release. *Id.* This court will dismiss an appeal of the denial of a petition for writ of habeas corpus where the appellant is no longer incarcerated in the county where his petition was filed because the court can no longer grant the relief sought. *Id.*

Appeal dismissed.

*Larry Tyson*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Pamela A. Rumpz*, Ass't Att'y Gen., for appellee.