Cite as 2015 Ark. 448

# SUPREME COURT OF ARKANSAS

No. CR-15-462

| FRED LEE WILLIAMS | | **Opinion Delivered** December 3, 2015 |
| APPELLANT | | |
| | | PRO SE APPEAL FROM THE DREW |
| V. | | COUNTY CIRCUIT COURT AND |
| | | MOTION TO FILE BELATED REPLY |
| | | BRIEF |
| STATE OF ARKANSAS | | [NO. 22CR-13-33] |
| APPELLEE | | |
| | | HONORABLE SAM POPE, JUDGE |
| | | |
| | | AFFIRMED; MOTION MOOT. |

**PER CURIAM**

In 2014, appellant Fred Lee Williams entered a plea of guilty in the Drew County Circuit Court to a charge of being a felon in possession of a firearm and was sentenced to 180 months' imprisonment. In 2015, Williams, who was incarcerated at a unit of the Arkansas Department of Correction located in Lee County, filed in the trial court in Drew County a pro se petition for a writ of habeas corpus. The trial court dismissed the petition on the ground that the petition should have been filed in the circuit court in the county where Williams was incarcerated. Williams brings this appeal. Williams has also filed a motion to file a belated reply brief. We affirm the trial court's order. The motion to file a belated reply brief is moot.

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Nelson v. State*, 2015 Ark. 168, at 2 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Bryant*

*v. Hobbs,* 2014 Ark. 287 (per curiam).

The trial court did not err in its decision holding that Williams had filed his petition for writ of habeas corpus in the wrong county. Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody if the prisoner is incarcerated within the State of Arkansas,[1] unless the petition is filed pursuant to Act 1780 of 2001 Acts of Arkansas, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). A proceeding under Act 1780 is properly commenced in the court in which the conviction was entered. Ark. Code Ann. § 16-112-201(a).

Arkansas Code Annotated section 16-112-105 (Repl. 2006) requires that certain procedural requirements be met by a petitioner asking a court to issue a writ of habeas corpus. The writ must be directed to the person in whose custody the prisoner is detained. Ark. Code Ann. § 16-112-105(b)(1). Additionally, the writ should be issued by a court that has personal jurisdiction over the defendant. *Tyson v. State,* 2014 Ark. 421, at 2, 444 S.W.3d 361, 363 (per curiam). Otherwise, although a court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus when the petitioner is in another county. *See, e.g., State Dep't of Pub. Welfare v. Lipe,* 257 Ark. 1015, 521 S.W.2d 526 (1975).

Williams did not bring his habeas proceeding under Act 1780. Accordingly, the petition was properly dismissed by the Drew County Circuit Court because as it did not have authority

---

[1]When a prisoner is incarcerated in another state by virtue of an agreement between the Arkansas Department of Correction and another state, the prisoner may prosecute his petition for writ of habeas corpus in Jefferson County where the Office of the Director of the Arkansas Department of Correction is located. *Hundley v. Hobbs,* 2015 Ark. 70, 456 S.W.3d 755.

to effect his release from custody.

Affirmed; motion moot.

*Fred L. Williams*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for appellee.