SLIP OPINION

Cite as 2016 Ark. 4

# SUPREME COURT OF ARKANSAS

No. CR–15–515

| | | |
|---|---|---|
| | | Opinion Delivered January 7, 2016 |
| MICHAEL HINKSTON | APPELLANT | PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF AND PETITION FOR WRIT OF MANDAMUS [CRAWFORD COUNTY CIRCUIT COURT, NO. 17CR-97-275] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE GARY COTTRELL, JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 1998, appellant Michael Hinkston was found guilty by a Crawford County jury of capital murder, with residential burglary as the underlying felony, and theft of property. He was sentenced to life imprisonment without parole for capital murder and twenty years' imprisonment for theft of property. We affirmed. *Hinkston v. State*, 340 Ark. 530, 10 S.W.3d 906 (2000).

On January 26, 2015, Hinkston filed a petition for writ of habeas corpus in the Crawford County Circuit Court.[1] He argued that his constitutional rights were violated because he was not separately sentenced for residential burglary, as it was the underlying felony to the capital-murder conviction; that, because he was not sentenced on the residential burglary, the jury was erroneously instructed on the elements of residential burglary and did not find that every

---

[1]Hinkston has previously filed three petitions for writ of habeas corpus on July 30, 2001, July 11, 2006, and November 8, 2013.

element of residential burglary had been proved beyond a reasonable doubt; and that the trial court erred by granting the State's motion in limine to exclude the testimony of a clinical psychologist, Walz, because the testimony would have established a mental-impairment diagnosis from childhood of Attention Deficit Hyperactivity Disorder and bipolar disorder. Hinkston filed another habeas-corpus petition on February 17, 2015, raising the same claims contained in his January 2015 petition. The trial court denied relief, finding that Hinkston failed to challenge the jurisdiction of the court and that his claims were made for the "sole purpose of retrying his case. For that purpose, the defendant filed a Rule 37 petition in 2013 and that petition was denied by the [c]ourt."[2] Hinkston filed a timely notice of appeal from the denial.

Now before us is Hinkston's motion for extension of time to file a brief and petition for writ of mandamus, which we treat as a motion to expedite.[3] Because it is clear from the record that Hinkston could not prevail on appeal, we dismiss the appeal, and the motions are therefore moot. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Daniels v. Hobbs*, 2011 Ark. 192 (per curiam).

Any petition for writ of habeas corpus to effect the release of a prisoner is properly

---

[2]Although both petitions were filed in the same court within a month of each other, the trial court's order granting Hinkston's petition for leave to proceed informa pauperis specifically referred to the February 17, 2015, petition for writ of habeas corpus. Notably, the February 17, 2015 habeas-corpus petition stated that Hinkston intended it to supplement the January 26, 2015 petition for writ of habeas corpus—which it appears the trial court allowed.

[3] In his pro se petition for writ of mandamus, Hinkston asks this court to expedite ruling on his motion for an extension of time to file a brief.

addressed to the circuit court in the county in which the prisoner is held in custody if the prisoner is incarcerated within the State of Arkansas, unless the petition is filed pursuant to Act 1780 of 2001 Acts of Arkansas, codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam). Here, Hinkston did not bring any proceeding under Act 1780. A proceeding under Act 1780 is properly commenced in the court in which the conviction was entered. Ark. Code Ann. § 16-112-201(a). Because Hinkston did not proceed under Act 1780 and because he is incarcerated in Lee County, the habeas-corpus petition was properly denied by the Crawford County Circuit Court, as it did not have jurisdiction to grant the relief sought. A court does not have jurisdiction to issue the writ and make it returnable if a prisoner is not in custody in that court's jurisdiction. *Purdue v. State,* 338 Ark. 606, 999 S.W.2d 198 (1999) (per curiam) (citing *Mackey v. Lockhart,* 307 Ark. 321 at 322, 819 S.W.2d 702, 703 (1991)).

Because Hinkston filed in the county of his conviction—Crawford County—a petition for writ of habeas corpus, seeking to collaterally attack his judgment-and-commitment order, and he did not file the petition in the county of his incarceration—Lee County—the Crawford County Circuit Court properly treated the petition as one seeking relief pursuant to Rule 37.1.[4] *See generally Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123(2005) (A habeas-corpus proceeding

---

[4]Notably, Hinkston made no claim to the trial court that his sentence was illegal on its face, which may be corrected at any time. *See* Ark. Code Ann. § 16-90-111 (Supp. 2015). A collateral attack on a judgment seeking to correct a sentence imposed in an illegal manner is governed by the provisions of the Rule. *Purifoy v. State*, 2015 Ark. 353, at 3 (per curiam). As such, Hinkston was obligated to raise all his claims for postconviction relief in a timely petition under Rule 37.1, which he did not.

is not a substitute for postconviction relief under Rule 37.1.). Under Rule 37.2(c)(ii), if an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the *trial court* within sixty days of the date the mandate is issued by the appellate court. Hinkston filed his first petition for postconviction relief pursuant to Rule 37.1 in the Crawford County Circuit Court on June 25, 2001, which was dismissed by the trial court as untimely, as the mandate from his direct appeal issued on March 21, 2000.[5] Consequently, any subsequent petitions, including those filed in January and February 2015, were likewise untimely, as they were not filed within the sixty-day period. *See generally Bradley v. State*, 2015 Ark. 144, 459 S.W.3d 302.

Additionally, Rule 37.2(b) provides that all grounds for relief available to a petitioner under the Rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. If a first petition under the Rule is denied without leave to proceed with a second petition, a petitioner under the Rule is barred from submitting a subsequent petition. *See Cooper v. State*, 2014 Ark. 243 (per curiam). Hinkston failed to demonstrate that his first two Rule 37 petitions were denied without prejudice; therefore, a subsequent Rule 37.1 petition would be prohibited. *Morgan v. State*, 2009 Ark. 362 (per curiam). Because it is clear from the record that Hinkston could not prevail on appeal, we dismiss the appeal, and the motion is therefore moot.

Appeal dismissed; motions moot.

---

[5]On November 8, 2013, Hinkston also filed in the Crawford County Circuit Court an untimely, second petition for postconviction relief pursuant to Rule 37.1. The trial court denied him relief on his untimely, second petition.