SLIP OPINION

# SUPREME COURT OF ARKANSAS.
## No. CV–15–889

| | |
|---|---|
| CHARLES LOVETT<br><div align="right">APPELLANT</div> | **Opinion Delivered** March 17, 2016 |
| V. | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [35CV-15-364] |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><div align="right">APPELLEE</div> | HONORABLE JODI RAINES DENNIS, JUDGE |
| | AFFIRMED. |

**PER CURIAM**

In 2010, appellant Charles Lovett was found guilty by a jury of possession of cocaine with intent to deliver. He was sentenced as a habitual offender to 240 months' imprisonment. Lovett argued on direct appeal that the evidence was insufficient to convict him. The Arkansas Court of Appeals affirmed. *Lovett v. State*, 2011 Ark. App. 418.

In 2015, Lovett, who is incarcerated in Jefferson County, filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court seeking his release from custody. The circuit court dismissed the petition on the ground that Lovett had not stated a ground for the writ. Lovett, who remains incarcerated in Jefferson County, brings this appeal.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

While Lovett used the words "actual innocence" in his petition, the gravamen of his allegations was that there was insufficient evidence adduced at trial to sustain the judgment. He argued that hearsay testimony of the officer who investigated the offense was allowed into evidence on the issue of what substance was seized and tested by the crime laboratory with objection by his attorney, that the State did not produce any witness from the crime laboratory to authenticate that the investigator seized cocaine, that the substance seized was never retested to prove that it was cocaine, that the evidence introduced at trial was tainted, and that the trial court permitted ex parte pretrial hearings to circumvent the laws and the constitutions of this State and the United States. He did not allege under Act 1780 that there was any new scientific evidence to establish that he was entitled to issuance of the writ. Such a showing is necessary to support a claim for relief under the Act. *Pankau v. State*, 2013 Ark. 162.

SLIP OPINION

Although Lovett contended that the lack of sufficient evidence to sustain the judgment rendered the judgment facially invalid and deprived the trial court of jurisdiction, he failed to demonstrate probable cause in support of that allegation, and we have held that assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. A petition for writ of habeas corpus does not provide another opportunity to retry the petitioner's case or to reargue issues that have been, or could have been, settled on direct appeal. *Allen v.* Kelley, 2015 Ark. 490 (per curiam). Likewise, claims of ineffective assistance of counsel, which are properly raised under Arkansas Rule of Criminal Procedure 37.1, are not cognizable in habeas proceedings. *McConaughy v. Lockhart*, 310 Ark. 585, 840 S.W.2d 166 (1992).

Because Lovett failed to state a ground for the writ in his petition, the circuit court did not err in declining to grant him the relief sought. *Chance v. State*, 2015 Ark. 154 (per curiam). According, the order is affirmed.

Affirmed.