SLIP OPINION

Cite as 2016 Ark. 379

# SUPREME COURT OF ARKANSAS

No. CR–16–599

| | | |
|---|---|---|
| CODY JAMES MALONE | | **Opinion Delivered** November 3, 2016 |
| | APPELLANT | |
| V. | | PRO SE MOTIONS FOR EXTENSION OF TIME TO FILE BRIEF AND FOR APPOINTMENT OF COUNSEL [BENTON COUNTY CIRCUIT COURT, NO. 04CR-12-971] |
| STATE OF ARKANSAS | | |
| | APPELLEE | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

On April 11, 2013, appellant Cody James Malone pleaded guilty to fourth-degree sexual assault and was sentenced to 72 months' imprisonment in the Arkansas Department of Correction.[1] After filing multiple pleadings in the trial court, including a motion to correct clerical mistake in the commitment order and a petition for rehearing regarding that motion; a petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 2015); a petition for writ of habeas corpus; and a petition for writ of mandamus—all of which essentially claimed that he was serving an illegal sentence because he was not serving his 72-month state sentence in federal custody as per his plea

_____

[1]It appears that, on October 26, 2012, Malone pleaded guilty in the United States District Court, Western District of Arkansas, in case number 5:12CR500550-001, and, on March 29, 2013, he was sentenced to thirty years' imprisonment in the Federal Bureau of Prisons. Malone's judgment-and-commitment order, which was file-marked on April 26, 2013, noted that his 72-month state sentence was to run concurrently with his federal sentence in case number 5:12CR50050-001 and was to "be served in federal custody[.]"

agreement—the trial court denied Malone's claims for relief in three separate, file-marked orders on March 17, 2016. Malone has lodged an appeal of the three orders in this court. Now before us are Malone's motions for extension of time to file brief and for appointment of counsel.

When it is clear from the record that the appellant cannot prevail if an appeal of an order that denied postconviction relief were permitted to go forward, we dismiss the appeal. *Wheeler v. State*, 2015 Ark. 233, 463 S.W.3d 678 (per curiam); *see also Justus v. State*, 2012 Ark. 91. As it is clear from the record that Malone could not prevail on appeal, the appeal is dismissed. The dismissal of the appeal renders the motions moot.

On May 30, 2014, Malone filed a motion to correct a clerical mistake in the commitment order in the Benton County Circuit Court, arguing that the judgment-and-commitment order contained an error because he should have been serving his 72-month sentence in federal custody. On June 12, 2014, the trial court denied relief, finding there was no clerical error. Moreover, the trial court found that Malone's claim challenged more than just a mere clerical error and deemed it an untimely postconviction petition because it was filed more than 400 days after entry of the judgment on April 26, 2013, pursuant to his plea. On June 24, 2015, Malone filed a petition for rehearing, contending he had made exhaustive attempts to correct the illegal imposition of his sentence. On March 17, 2016, the trial court entered an order denying Malone's petition for rehearing, finding that it was without jurisdiction to grant relief.[2]

---

[2] The order denying the petition for rehearing is specifically referenced in the notice

A trial court may correct a mere clerical error in a judgment at any time; however, a motion to correct a judgment that is based on a substantive claim, such as an allegation that the sentence imposed did not conform to the plea agreement, falls within the purview of Rule 37.1 of the Arkansas Rules of Criminal Procedure. *Samples v. State*, 2012 Ark. 146 (per curiam). Here, Malone's motion to correct clerical error did not assert a mere clerical error but instead asserted that he should be serving his sentence in federal custody as opposed to state custody. *See id.* Rule 37.2(c) requires that, when an appellant entered a plea of guilty, a petition under the Rule must be filed in the trial court within ninety days of the date of entry of judgment. *See Engstrom v. State*, 2016 Ark. 45, 481 S.W.3d 435 (per curiam). Malone filed his postconviction petition on May 30, 2014, more than one year after entry of judgment from his plea of guilty—clearly outside the ninety-day period to seek relief under the Rule. Because the petition was not timely filed, the trial court did not have the authority to grant the relief sought and properly denied relief. *See Tolliver v. State*, 2016 Ark. 111, 486 S.W.3d 199 (per curiam).

On March 31, 2015, Malone filed in the trial court a petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111, claiming the plea agreement between the parties was void because he was not serving his state sentence in federal custody. On March 17, 2016, the trial court entered an order denying Malone's petition to correct an illegal sentence, finding it was an untimely Rule 37.1 petition.

Arkansas Code Annotated section 16-90-111(a) allows the trial court to correct an

---

of appeal filed by Malone, not the underlying motion to correct clerical mistake or the order denying the motion to correct clerical mistake.

illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction. *Williams v. State,* 2016 Ark. 16, 479 S.W.3d 544 (per curiam). While the time limitations on filing a petition under section 16-90-111(a) and (b)(1) on the grounds that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c) (2015), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Halfacre v. State*, 2015 Ark. 105, 460 S.W.3d 282 (per curiam). Here, however, Malone did not argue that his sentence was illegal on its face but rather that it was imposed in an illegal manner. *See Tolliver v. State*, 2012 Ark. 46, at 1 (While appellant styled the petition as one to correct an illegal sentence, his claim was an entitlement to a reduction in his sentence due to a length of imprisonment he was required to serve under the plea agreement he accepted.). Because Malone argued he was entitled to relief based on a claim that his sentence was illegally imposed, it had to be raised in a timely petition under Rule 37.1. *See id.*

Notwithstanding that Malone had previously filed a motion to correct clerical error, which was treated as an untimely Rule 37.1 petition, Rule 37.2(b) provides that all grounds for relief available to a petitioner under the Rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. *See Hinkston v. State*, 2016 Ark. 4, at 4 (per curiam). If a first petition under the Rule is denied without leave to proceed with a second petition, a petitioner under the Rule is barred from submitting a subsequent petition. *See id.* Malone has failed to demonstrate that his first Rule 37 petition was denied without prejudice; therefore a subsequent Rule 37.1 petition

would be prohibited. Moreover, even if not considered as a subsequent Rule 37.1 petition, Malone filed his motion to correct an illegal sentence nearly two years after his judgment had been entered on the plea of guilty. *See* Ark. R. Crim. P. 37.2(c). Because the postconviction petition was untimely, the trial court lacked the authority under the Rule to grant the relief sought. *See* Rule 37.2(c); *Tolliver*, 2012 Ark. 46. Malone did not timely seek postconviction relief, and the trial court properly denied relief.

On May 11, 2015, Malone filed a petition for writ of habeas corpus in the trial court, alleging that, contrary to his plea agreement made and entered on April 11, 2013, he should not have been confined in the Arkansas Department of Correction (ADC) and should have been remanded into federal custody to serve his state sentence, and, as a result, he is illegally incarcerated in the ADC. On September 18, 2015, a letter from Malone was file-marked by the Benton County Circuit Clerk and was docketed as a petition for writ of mandamus, which requested that the trial court set a date and issue an order to produce Malone before the court to dispose of the previously-filed habeas petition. On March 17, 2016, the trial court entered an order denying Malone's petition for writ of habeas corpus and declaring Malone's petition for writ of mandamus moot. The trial court noted that Malone made no claim that his sentence was invalid on its face or that the court lacked jurisdiction but merely made a claim that "he should be serving his sentence in federal custody as opposed to state custody." The United States Department of Justice informed Malone that since he was "in custody on the state charges first they will not accept [Malone] into federal custody until he finishes his sentence given to him by this [c]ourt." The petition for writ of mandamus was rendered moot because a hearing would be to no effect.

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody if the prisoner is incarcerated within the state, unless the petition is filed pursuant to Act 1780 of 2001 Acts of Arkansas, codified at Arkansas Code Annotated sections 16-112-201 to - 208 (Repl. 2006). *Hinkston*, 2016 Ark. 4. Here, Malone did not bring his proceeding under Act 1780. Because Malone did not proceed under Act 1780 and because he is incarcerated in Izard County, the habeas-corpus petition was properly denied by the Benton County Circuit Court, as it did not have jurisdiction to grant the relief sought. A court does not have jurisdiction to issue the writ and make it returnable if a prisoner who is in custody in Arkansas is not in custody in that court's jurisdiction. *Id.* Moreover, a petitioner for the writ who does not allege actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained pursuant to Arkansas Code Annotated section 16-112-103(a)(1) (Repl. 2006). *Lovett v. Kelley*, 2016 Ark. 127, 487 S.W.3d 361 (per curiam). Malone made no such allegation that the judgment was facially invalid or that the trial court lacked jurisdiction. Because the court could not issue the writ, it properly denied relief, and the petition for writ of mandamus was rendered moot when the trial court ruled on Malone's petition because there was no need to have Malone present for a hearing on the habeas-corpus petition.

Additionally, to the extent the trial court disposed of Malone's petition for writ of habeas corpus—a petition seeking to collaterally attack his judgment-and-commitment

order—as a petition seeking relief pursuant to Rule 37.1, Malone was still not entitled to relief because, as discussed previously, it would have been a subsequent Rule 37.1 petition and untimely nonetheless under the Rule. *See Hinkston*, 2016 Ark. 4; *see generally Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (A habeas-corpus proceeding is not a substitute for postconviction relief under Rule 37.1.). Based on all of the foregoing, the appeal is dismissed, rendering the motions for extension of time to file brief and for appointment of counsel moot.

Appeal dismissed; motions moot.