SLIP OPINION

Cite as 2016 Ark. 381

# SUPREME COURT OF ARKANSAS.

No. CV–16–381

| | |
|---|---|
| BERNARD JONES<br><br>                    APPELLANT<br><br>V.<br><br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT<br>CORRECTION<br>                    APPELLEE | **Opinion Delivered** November 3, 2016<br><br>PRO SE MOTION TO FILE<br>BELATED BRIEF<br>[LINCOLN COUNTY CIRCUIT<br>COURT, NO. 40CV-15-93]<br><br><br>APPEAL DISMISSED; MOTION<br>MOOT. |

**PER CURIAM**

On November 10, 2015, appellant Bernard Jones, who was incarcerated at a unit of the Arkansas Department of Correction located in Lincoln County, filed in the Circuit Court of Lincoln County a pro se petition for writ of habeas corpus. In a letter file-marked November 12, 2015, Jones wrote the Lincoln County Circuit Court advising it that he was no longer incarcerated in the Varner Unit and was in Texarkana, Arkansas, which is in Miller County.[1] On February 5, 2016, The Lincoln County Circuit Court entered an order dismissing Jones's habeas-corpus petition without prejudice because the "petitioner has been relocated to a 309 work program located in Miller County, Arkansas."

---

[1] The verification on the petition for the writ of habeas corpus indicates that Jones signed it on August 30, 2015, and the certificate of service to the Lincoln County Prosecuting Attorney's Office was also dated August 30, 2015. The letter from Jones to the circuit court, noting his change of address, was dated November 8, 2015.

SLIP OPINION

On February 19, 2016, Jones filed a notice of appeal from the circuit court's order, and the record on appeal was timely lodged here on May 2, 2016.[2] Jones's brief was due on June 11, 2016, and, on June 10, 2016, he tendered loose documents labeled as "brief," which were returned to him, as the "brief" was noncompliant with Rule 4-7 of the Rules of the Arkansas Supreme Court (2015). Jones was given fourteen days to submit a corrected brief, which was due on June 24, 2016. On June 27, 2016, Jones again tendered a brief, which was not accepted for filing because it was noncompliant and late. On July 28, 2016, Jones tendered a noncompliant brief and a motion to file belated brief. Jones's motion to file belated brief was filed,[3] and it is that motion that is now before the court.

Because it is clear from the record that Jones could not prevail on appeal, we dismiss the appeal, and the motion is therefore moot. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Hinkston v. State*, 2016 Ark. 4, at 2 (per curiam). Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody if the prisoner is incarcerated within this state, unless the petition is filed under

---

[2]Jones's notice of appeal referenced an appeal from Hempstead County; however, the pleading was filed in Lincoln County and bears a Lincoln County heading and case number, 40CV-15-93. The date of the order referenced is also within one week of the Lincoln County order.

[3]Although Jones's motion to file belated brief bears a Hempstead County criminal case number, 29CR-14-79, which he incorrectly denoted as 29CR-14-19—his underlying criminal case number—the motion clearly references his appeal in this matter, CV-16-381, which arises out of his Lincoln County case, and, as such, it was filed.

Act 1780 of 2001 Acts of Arkansas, codified at Arkansas Code Annotated sections 16–112–201 to −208 (Repl. 2006). *Williams v. State*, 2015 Ark. 448, 476 S.W.3d 154 (per curiam). Here, Jones did not bring any proceeding under Act 1780.

Although Jones was incarcerated in a facility in Lincoln County at the time he filed his petition, he is no longer incarcerated in Lincoln County. A circuit court does not have jurisdiction to release, on a writ of habeas corpus, a prisoner not in custody in that court's jurisdiction. *Wilencewicz v. Hobbs*, 2012 Ark. 230, at 2 (per curiam). When a prisoner who seeks habeas relief is transferred to a facility in a different county in the state, the circuit court in the county where the prisoner was previously incarcerated no longer has jurisdiction to issue and make returnable a writ. *Id.* This court will dismiss an appeal of the denial of a petition for writ of habeas corpus where the appellant is no longer incarcerated in the county where his petition was filed because the court can no longer grant the relief sought. *Id.*; *see Davis v. Hobbs*, 2012 Ark. 167 (per curiam). Based on the foregoing, the appeal is dismissed, rendering the motion to file belated brief moot.

Appeal dismissed; motion moot.