SLIP OPINION

Cite as 2017 Ark. 24

# SUPREME COURT OF ARKANSAS
No. CR-16-678

| | |
|---|---|
| WESLEY ELISHA GRISSOM<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** February 9, 2017<br><br>PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-06-611]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>APPEAL DISMISSED. |

## PER CURIAM

In 2008, appellant Wesley Elisha Grissom entered a plea of guilty in the Garland County Circuit Court to first-degree sexual assault and was sentenced to 660 months' imprisonment. On May 2, 2016, Grissom filed in the trial court a pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2006), seeking release from custody. At the time he filed the habeas petition in Garland County, Grissom was incarcerated at a unit of the Arkansas Department of Correction located in Jackson County. The habeas petition was denied, and Grissom brings this appeal.

We dismiss the appeal because Grissom filed his petition in the trial court, and the trial court did not have jurisdiction to have the writ, if issued, returned to it. *Malone v. State*, 2016 Ark. 379, at 6, 501 S.W.3d 807, 811 (per curiam); *Johnson v. McClure*, 228 Ark. 1083, 312 S.W.2d 347, 349 (1958) (holding a court cannot issue and make returnable to it a writ of habeas corpus if the petitioner is outside the court's authority).

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody if the prisoner is incarcerated within the State of Arkansas. *See Tyson v. State*, 2014 Ark. 421, at 2, 444 S.W.3d 361, 363 (per curiam). However, if the petition for the writ is filed pursuant to Act 1780 of 2001 Acts of Arkansas, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), it is properly addressed to the court where the conviction was entered under 16-112-201(a). *Williams v. State*, 2015 Ark. 448 at 2, 476 S.W.3d 154, 155 (per curiam). Grissom did not raise grounds for relief under the Act.

Even though the trial court addressed the merits of the habeas petition and denied relief on the ground that Grissom did not state a ground for issuance of the writ, the trial court, as stated, did not have jurisdiction to release on a writ of habeas corpus a prisoner not in custody in that court's jurisdiction. *Pardue v. State*, 338 Ark. 606, 608, 999 S.W.2d 198, 199 (1999) (per curiam); *Mackey v. Lockhart*, 307 Ark. 321, 322, 819 S.W.2d 702, 703 (1991). For that reason, the petition was subject to dismissal without consideration of the merits. Even when a petitioner states a ground for the writ, the writ should be issued only by a court that has personal jurisdiction over the petitioner. *Williams*, 2015 Ark. at 2, 476 S.W.3d at 155.

Appeal dismissed.

*Wesley Elisha Grissom*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.