

# SUPREME COURT OF ARKANSAS.
### No. CR-17-28

| | | |
|---|---|---|
| HOWARD LEE LEACH | | **Opinion Delivered** May 11, 2017 |
| | APPELLANT | |
| V. | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CR-99-1853] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE MARK LINDSAY, JUDGE |
| | | AFFIRMED. |

## PER CURIAM

In 2000, appellant Howard Lee Leach entered a plea of guilty in the Washington County Circuit Court to violating the terms of his suspended sentences for seven counts of first-degree forgery in case nos. 72CR-96-1752 and 72CR-97-973. He also entered a plea of guilty to one count of first-degree sexual abuse in case no. 72CR-99-1853. An aggregate sentence for the eight offenses of 420 months' imprisonment was imposed.

In 2016, Leach filed in the trial court in case no. 72CR-99-1853 two pro se pleadings and a letter that he entitled a "Statement to the Court." The first pleading was a petition to correct an illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016). The second was a petition for writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-101 to −123 (Repl. 2006), seeking release from custody. On November 7, 2016, the trial court entered an order in which it denied the relief sought in the two pleadings and in the letter. Leach brings this appeal.

SLIP OPINION

With respect to the habeas petition, the trial court correctly held that the petition was not properly addressed to the trial court. At the time that Leach filed the habeas petition in Washington County, he was incarcerated at a unit of the Arkansas Department of Correction located in Jackson County. Accordingly, the trial court did not have jurisdiction to have the writ, if issued, returned to it. *Malone v. State*, 2016 Ark. 379, at 6, 501 S.W.3d 807, 811 (per curiam); *Johnson v. McClure*, 228 Ark. 1081, 312 S.W.2d 347, 349 (1958) (holding a court cannot issue and make returnable to it a writ of habeas corpus if the petitioner is outside the court's authority).

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody if the prisoner is incarcerated within the State of Arkansas. *Grissom v. State*, 2017 Ark. 24, at 2, 508 S.W.3d 881, 882 (per curiam). However, if the petition for the writ is filed pursuant to Act 1780 of 2001 Acts of Arkansas, codified at Arkansas Code Annotated sections 16-112-201 to –208 (Repl. 2006), it is properly addressed to the court where the conviction was entered under section 16-112-201(a). *Williams v. State*, 2015 Ark. 448 at 2, 476 S.W.3d 154, 155 (per curiam). Leach did not invoke the Act. Accordingly, the trial court did not err in declining to issue a writ of habeas corpus.

The trial court also did not err in denying relief under section 16-90-111. In his petition, Leach alleged the following: he was not afforded effective assistance of counsel when he entered his plea; there was an agreement between his counsel and the State that he would only be required to serve six months' imprisonment; he was subjected to double

jeopardy; the evidence was insufficient to support a conviction for sexual assault or to support revocation of the suspended sentences for forgery.

There is a provision in section 16-90-111 that allows the trial court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction. *Williams v. State*, 2016 Ark. 16, 479 S.W.3d 544 (per curiam). While the time limitations on filing a petition under section 16-90-111 on the grounds that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c) (2016), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Halfacre v. State*, 2015 Ark. 105, 460 S.W.3d 282 (per curiam). For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on Leach was indeed illegal on its face. *Henry v. State*, 2017 Ark. 28, at 2, 509 S.W.3d 630, 631 (per curiam).

Under the standard of appellate review for a trial court's factual findings on which a decision to deny relief under section 16-90-111 is based, we do not reverse unless the decision is clearly erroneous. *Id.* at 3, 509 SW.3d at 632. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Atkins v. State*, 2014 Ark. 393, 441 S.W.3d 19 (per curiam).

A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Green v. State*, 2016 Ark. 386, at 6, 502 S.W.3d

524, 528. The petitioner seeking relief under section 16-90-111 carries the burden to demonstrate that his sentence was illegal. *Williams*, 2016 Ark. 16, 479 S.W.3d 544.

As stated above, Leach was entitled to relief under section 16-90-111 only if he established that the judgment in his case was illegal on its face. Allegations of ineffective assistance of counsel are not sufficient to demonstrate that a judgment is facially illegal; as a result, such claims are not cognizable as a ground for relief. *Murphy v. State*, 2013 Ark. 243, at 4 (per curiam). Ineffective-assistance claims are properly raised in a timely filed petition pursuant to Arkansas Rule of Criminal Procedure 37.l. *See Hickman v. State*, 2012 Ark. 359 (per curiam).

Likewise, Leach's assertion that the evidence was insufficient to sustain the judgment of conviction for first-degree sexual abuse and to support revocation of his suspended sentences for forgery was not cognizable under the statute to show that the judgment is illegal on its face. Section 16-90-111 does not provide a means to attack a sentence on the grounds of whether the evidence was sufficient to sustain the judgment. *McClanton v. State*, 2014 Ark. 439, at 4, 445 S.W.3d 516, 518 (per curiam). The sufficiency of the evidence was a matter to be argued in the trial court, and by pleading guilty, Leach waived the claim that the evidence was insufficient to convict him or to revoke his suspended sentences. *See Guire v. State*, 309 Ark. 209, 832 S.W.2d 457 (1992) (per curiam).

Leach did not argue in his petition that the sentences imposed on him when he entered his plea were outside the statutory range for the offenses. He argued only that he was subjected to double jeopardy. Leach did not explain in his petition the basis for his claim that he had been placed in double jeopardy, but in his brief he alleges that he should

SLIP OPINION

not have been sentenced on the forgery counts. The allegation did not implicate the facial validity of the judgment, and it did not state a constitutional violation that would render the sentences imposed illegal. *See Williams*, 2016 Ark. 16, 479 S.W.3d 544. The allegation was not jurisdictional in nature; rather, it could have been raised in the trial court before the plea of guilty was entered. Assertions of constitutional error that do not implicate the facial validity of the judgment are not within the purview of section 16-90-111. *Id.*

With respect to the statement in the form of a letter that Leach filed and that the trial court mentioned in its order denying postconviction relief, the letter was largely a reiteration of the allegations contained in the habeas and section 16-90-111 petitions. It placed particular emphasis on the claim that the evidence was insufficient to support the judgment for sexual abuse and the revocations of the suspended sentences in the forgery cases. Even if the letter was intended as a pleading seeking postconviction relief, Leach did not establish that he was entitled to any relief from the court based on any claims it contained.

Affirmed.

*Howard L. Leach*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda Jegley*, Ass't Att'y Gen., for appellee.