Cite as 2019 Ark. 238

# SUPREME COURT OF ARKANSAS

No. CR-18-705

| | |
|---|---|
| HOWARD LEE LEACH<br><br>APPELLANT | **Opinion Delivered** September 12, 2019 |
| V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | PRO SE MOTIONS TO FILE A BELATED BRIEF, FOR SCIENTIFIC DNA TESTING, TO FILE A NON-CONFORMING BRIEF, FOR DEFAULT JUDGMENT, AND MOTION TO FILE TENDERED AMENDED DIRECT APPEAL [WASHINGTON COUNTY CIRCUIT COURT, NO. 72CR-99-1853]<br><br>APPEAL DISMISSED; MOTIONS MOOT. |

**KAREN R. BAKER, Associate Justice**

Appellant Howard Lee Leach appeals from the dismissal of his pro se pleading titled "Amended Direct Appeal" wherein he requested scientific testing pursuant to Arkansas Code Annotated section 16-112-201 (Repl. 2016), which Leach filed in the court where he was convicted.[1] Leach contended in his request for testing that he is innocent of the crime

---

[1] In 2016, Leach filed in the trial court a petition for a writ of habeas corpus and a petition to correct an illegal sentence. The petitions were denied by the trial court, and this court affirmed. *Leach v. State*, 2017 Ark. 176, 518 S.W.3d 670 (per curiam). This court concluded that Leach's habeas petition was not filed in the county where he was incarcerated and that the trial court did not have jurisdiction to address a claim for habeas relief, and it was explained that if the petition had been filed pursuant to Act 1780 codified at Arkansas Code Annotated sections 16-112-201 to -208, it would be properly addressed to the court where the conviction was entered. *Id.* (citing Ark. Code Ann. § 16-112-201(a)).

of first-degree sexual assault to which he had pleaded guilty in 2000 and asked the trial court to provide DNA testing to support his innocence claim. Leach further contended that DNA testing was not performed at the time of his guilty plea because his attorney had advised that such testing would not be performed at the State's expense. Finally, Leach attached to his request for scientific testing pleadings titled "Statement to the Court" and "Grounds to Correct an Illegal Sentence," which raised the same claims that he had raised in his prior habeas proceeding and in his petition to correct an illegal sentence. *See Leach*, 2017 Ark. 176, 518 S.W.3d 670. Accordingly, the trial court dismissed with prejudice Leach's request for relief on the basis that Leach had raised the same claims in his previous petitions and was not entitled to relief.

Now pending before this court are pro se motions filed by Leach to file a belated brief, for scientific DNA testing, to file a nonconforming brief, for a default judgment, and to file a tendered amended direct appeal brief. We need not consider Leach's motions because his request for scientific testing pursuant to Act 1780, codified at Arkansas Code Annotated sections 16-112-201 to -208, is without merit. An appeal of the denial of postconviction relief will not be permitted to go forward when it is clear that the appellant could not prevail. *Hill v. Kelley*, 2018 Ark. 118, 542 S.W.3d 852.

As stated above, in 2000, Leach entered a plea of guilty in the Washington County Circuit Court to one count of first-degree sexual abuse and for violating the terms of his suspended sentences for seven counts of first-degree forgery. Consecutive sentences of sixty months' imprisonment were imposed for each of the seven forgery offenses, and a

2

concurrent sixty-month suspended sentence was imposed for the offense of first-degree sexual abuse.

We do not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

A petitioner seeking testing under Act 1780 must present a prima facie case that identity was an issue at trial. Ark. Code Ann. § 16-112-202(7). When a defendant enters a plea of guilty, the guilty plea is the trial. *Cox v. State*, 299 Ark. 312, 772 S.W.2d 336 (1989). By entering his plea of guilty, appellant admitted that he committed the offense, and therefore, identity was not in question. *See McClinton*, 2017 Ark. 360, 533 S.W.3d 578. Furthermore, Leach must demonstrate that the evidence to be tested is in possession of the State. Ark. Code Ann. § 16-112-202(4). Accordingly, Leach fails to make a prima facie showing that he is entitled to new scientific testing because he has not demonstrated that identity was at issue or that there is any evidence in possession of the State capable of being tested. Ark. Code Ann. §§ 16-112-202(7) & 16-112-202(4).

With respect to the additional allegations raised in Leach's "Statement to the Court" and his "Grounds to Correct Illegal Sentence," these pleadings reassert the following claims that were raised and rejected in his previous requests for postconviction relief: that there was insufficient evidence supporting the charges of sexual abuse to which

he had pleaded guilty; that counsel was ineffective; and that the trial court violated the prohibition against double jeopardy when it revoked Leach's suspended sentences on the seven counts of forgery. *Leach*, 2017 Ark. 176, 518 S.W.3d 670. Furthermore, such claims are not cognizable in an action for scientific testing under Act 1780. *McClinton*, 2017 Ark. 360, 533 S.W.3d 578 (petitions under Act 1780 are limited to those claims related to scientific testing of evidence, and the Act does not serve as a substitute for the pursuit of other remedies that are outside the purview of the Act.). The trial court did not clearly err when it rejected Leach's claim for scientific testing as well as his other claims for postconviction relief.

Appeal dismissed; motions moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** On March 2, 2000, Mr. Leach pleaded guilty to first-degree sexual assault and seven counts of forgery. On July 16, 2018, he filed a pleading styled "Amended Direct Appeal" in which he alleged multiple grounds for overturning his conviction. Two days later, on July 18, 2018, the circuit court of Washington dismissed his petition. Mr. Leach timely filed a notice of appeal.

On October 17, 2018, Mr. Leach filed a simple hand-written motion styled "Motion to File a Belated Brief." In it, he stated, "I have now gone past my court deadline date requirements of this court. I now beg this court to please file a "Belated Brief" that bears my not[a]rized signature." If a brief was tendered, it does not appear in the record. Significantly, his motion for a belated brief did not allege any "good cause" grounds for

4

granting him additional time. Accordingly, Mr. Leach has not perfected his appeal, and there are adequate legal grounds for dismissing his appeal on jurisdictional grounds nearly a year ago.

Also on October 17, Mr. Leach filed a motion styled "Motion for Scientific DNA Testing." That motion stated:

> Pursuant to Arkansas Code Ann. 16-112-201, I now beg this Court to please provide me with "Scientific DNA Testing" and for those test results to be submitted to this Court as direct new evidence to further support my claims of actual innocence of this "Suspended Sex Abuse." The DNA Test Results will establish that beyond a reasonable doubt, that there is now probable cause that I am being held illegally, and that my commitment is invalid on its face.

The only connection to Mr. Leach's appeal is the fact that this motion was related to his first-degree sexual-assault conviction. Obviously, Mr. Leach has filed an original action over which this court has no jurisdiction; Mr. Leach must file his petition for scientific testing in the court that rendered his conviction. Ark. Code Ann. § 16-112-201 (Repl. 2016). Again, this motion should have been dismissed on jurisdictional grounds nearly a year ago. This disposition is not trivial. Deciding on the merits that Mr. Leach is not entitled to scientific testing becomes law of the case, which will be binding on the circuit court.

Inexplicably, all of Mr. Leach's filings languished for nearly a year before the majority disposed of them on the merits. However, the merits were never pending before this court. This court is acting without jurisdiction. Therefore, I must dissent.

5