Cite as 2026 Ark. App. 294

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-25-92

| | | |
|---|---|---|
| IRIS BROWN | | Opinion Delivered May 13, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CR-23-119] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BARBARA ELMORE, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

Appellant Iris Brown appeals from the denial of her pro se petitions to correct an illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). On appeal, Brown argues that she was denied effective assistance of counsel because she was forced to sign a plea agreement and because her counsel did not prevent her probation revocation on a sentence that had already expired. We affirm the circuit court's denial of Brown's petitions.

I. *Background Facts and Procedural History*

On February 22, 2023, Brown was charged in the Lonoke County Circuit Court with committing the offense of second-degree domestic battering, a Class C felony, on October 26, 2022, and committing the offense of failure to appear, a Class C felony, on January 23,

2023. On February 27, 2023, she pleaded guilty to both offenses. Brown was sentenced to thirty-six months' probation. On April 10, 2023, the State filed a petition to revoke Brown's probation for failure to report on four occasions and failure to make payments in accordance with the conditions of her probation. On April 9, Brown pleaded guilty to violating the terms of her probation. She was sentenced to sixty months' probation. As part of her plea, Brown signed an acknowledgment of her understanding that if she violated her listed probation conditions during her period of probation, the circuit court could impose a sentence of up to twenty years' imprisonment.

On June 14, 2024, the State filed a second petition to revoke Brown's probation alleging that she failed to report on two dates, that she failed to maintain a valid residence, and that her whereabouts were unknown at the time the petition was filed. On August 6, 2024, Brown once again pleaded guilty to violating the terms of her probation. She was sentenced to concurrent terms of thirty-six months' imprisonment on each of the original offenses of second-degree domestic battering and failure to appear.

On October 30, 2024, Brown filed a petition to correct illegal sentence pursuant to section 16-90-111, claiming that her revocation was illegal because it was based on a sentence that had already been served and a parole date that had already expired. Brown claimed that her original charges were from 2005 and 2008 and that she had completed her prison sentences and time on parole related to those convictions when her parole was revoked in

August 2024.[1] The circuit court denied Brown's petition on October 31, 2024, finding that she had pleaded guilty to two Class C felonies in February 2023, both of which carried possible sentences of three-to-ten years' imprisonment. The circuit court further found that when Brown pleaded guilty to violating her probation in August 2024, she could have received ten years' imprisonment on each of her original offenses and that her three-year sentence on the revocation was a legal sentence. Brown filed a timely notice of appeal on November 14, 2024.

The record on appeal also contains a second illegal-sentence petition that Brown filed on November 20, 2024. Brown made the same argument there as in her previous petition and added an assertion that her three-year sentence constituted a double-jeopardy violation. She also attached her August 6, 2024 revocation plea statement and circled the date "8/12/2005" that appeared in the "Original Offense" section of the plea statement. The circuit court denied that petition on December 5, 2024, reiterating that Brown's three-year sentence on her August 6, 2024 revocation was legal. The circuit court also noted, "On the Plea Statement to Revocation the Petitioner sent with her motion, she has 8/12/2005 circled[,] which is part of the statute. The statute indicates the original offense date was after the year 2005." Brown filed a notice of appeal on December 9, 2024, and this appeal followed.

---

[1]Brown mistakenly asserted in her petition that her parole was revoked August 2024. As stated above, she pleaded guilty to violating the terms of her probation, not parole, and was sentenced to concurrent terms of thirty-six months' imprisonment pursuant to her probation revocation on August 6, 2024.

II. *Standard of Review and Applicable Law*

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Woodruff v. State*, 2024 Ark. 13, at 2, 682 S.W.3d 662, 664. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, at 4, 566 S.W.3d 469, 471. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* Sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Hale v. Hobbs*, 2014 Ark. 405, at 4, 443 S.W.3d 533, 535. The petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his or her sentence was illegal. *Redus*, 2019 Ark. 44, at 3, 566 S.W.3d at 471. The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, at 7, 594 S.W.3d 54, 58. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *Id.*, 594 S.W.3d at 59.

III. *Discussion*

For reversal, Brown argues that she was denied her right to effective assistance of counsel because she was forced to sign a plea agreement and because her counsel did not prevent her probation revocation on a sentence that had already expired. As an initial matter, Brown did not assert these ineffective-assistance-of-counsel claims in her petitions below, and the circuit court did not rule on them. Our supreme court has held that in an appeal from the denial of an illegal-sentence petition, it is incumbent upon an appellant to obtain a ruling on specific claims for the arguments to have been preserved for appeal. *Heringer v. State*, 2009 Ark. 376, at 1 (per curiam). This court does not address new arguments raised for the first time on appeal. *Dirickson v. State*, 2021 Ark. 36, at 3, 617 S.W.3d 712, 715. Moreover, even if she had preserved her arguments for appeal, allegations of ineffective assistance of counsel are not sufficient to demonstrate that a judgment is facially illegal. *Leach v. State*, 2017 Ark. 176, at 4, 518 S.W.3d 670, 673. Thus, such claims are not cognizable as a ground for relief under section 16-90-111. *Id.* Ineffective-assistance claims are properly raised in a timely filed petition pursuant to Arkansas Rule of Criminal Procedure 37.1. *Id.*

On appeal, Brown does not directly challenge the circuit court's finding that her concurrent three-year sentences on the probation revocation were legal. Therefore, any challenge to that finding has been abandoned on appeal. *Mister v. State*, 2013 Ark. App. 49, at 2 n.1. Even if she had challenged the circuit court's finding, however, Brown's sentences are still facially legal. When the circuit court revokes a defendant's probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann.

5

§ 16-93-308(g)(1)(A) (Supp. 2021). Brown's probation was revoked on the underlying charges of second-degree domestic battering and failure to appear, which were Class C felonies when she committed the crimes in October 2022 (battering) and January 2023 (failure to appear). Ark. Code Ann. §§ 5-26-304(b)(1), 5-54-120(c)(1) (Supp. 2021). A Class C felony carries a sentencing range of not less than three nor more than ten years' imprisonment. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2013). Brown's concurrent thirty-six-month sentences for violating her probation conditions were within the statutory range for her two convictions. Thus, had Brown challenged those sentences on appeal, she would not have met her burden of demonstrating that they were facially illegal. *See Redus*, 2019 Ark. 44, at 3–4, 566 S.W.3d at 471. The circuit court's denial of relief under section 16-90-111 was not clearly erroneous, and we affirm the circuit court's orders.

Affirmed.

ABRAMSON and HARRISON, JJ., agree.

*Iris Brown*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.